United States Court of Appeals,

Eleventh Circuit.

No. 96-9446

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Melvin Lee JACKSON, Defendant-Appellant.

Sept. 4, 1997.

Appeal from the United States District Court for the Northern District of Georgia. (No. 3:95-CR-10 JTC), Jack Camp, Judge.

Before ANDERSON and BLACK, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

This is an appeal of the district court's denial of a motion to suppress and a request for a jury instruction. Defendant-appellant Melvin Lee Jackson was found guilty by the jury of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 58 months imprisonment, and three years supervised release, and is currently incarcerated. We affirm.

I. BACKGROUND

In August 1995, Coweta County, Georgia Sheriff Captain Jim Yarborough received information from a confidential informant that Jackson was possessing and selling cocaine and possessing a firearm at his residence in Moreland, Georgia. Captain Yarborough gave the information to Lieutenant Tony Brown. Lieutenant Brown conducted a personal surveillance on the residence and applied for a search warrant based on the information received from Captain Yarborough and that which he had observed. The search warrant indicated that cocaine was concealed at the residence, and was signed on August 25, 1995.

The search was executed on September 1, 1995. The agents searching the house found cocaine in the bathroom, and a firearm in a closet in the adjoining bedroom. The firearm was a

MAK-90, a Chinese made assault rifle, and was lying in an open box. Jackson said that "everything" was his[1], and was arrested.[2]

Jackson moved to suppress the firearm, arguing that it was neither listed on the search warrant nor was contraband. Following a hearing, the magistrate judge issued a report and recommendation that the motion to suppress be denied. The district judge adopted the magistrate judge's recommendation and denied the motion to suppress.

At trial, the government introduced documents showing that Jackson had been convicted of the felonies of aggravated assault and possession of a sawed off shotgun. The documents showed that Jackson was found guilty of the offenses but was permitted to serve his sentences on probation. Further, Jackson signed the Felon Firearms Acknowledgment indicating that, as a felon, he could not own or carry a firearm.

Jackson apparently admitted during the trial that he had previously been convicted of the felonies, but claimed that his attorney at that time had told him that his sentence was under the Georgia First Offender Act.[3] He claimed that, under this Act, his record was exonerated once he had fulfilled the terms of his probation and had no knowing intent to obtain or possess a firearm as a convicted felon.[4] Jackson requested that the district court instruct the jury that it must find the defendant not guilty if it found "that the evidence fails to show beyond a reasonable doubt that ...

---

[1]Although during the suppression hearing, Jackson initially said that it was not his the gun, he later admitted that the gun was his.

[2]Jackson was initially arrested on state charges of possession of cocaine and of a gun during the commission of a felony. After it was discovered that Jackson was a convicted felon, the state charges were dismissed, and he was charged on the federal charge of being a convicted felon in possession of a firearm.

[3]Jackson's trial testimony is not included in the record on file with this court. However, this testimony is acknowledged by the district court in the jury charge transcript. The Act permits a court to place a first offender on probation prior to adjudication of guilt. O.C.G.A. 42-8-60.

[4]Again, this testimony is not included in the record. O.C.G.A. 42-8-62 provides that (a) "(u)pon the fulfillment of the terms of probation ... the defendant shall be discharged without court adjudication of guilt. The discharge shall completely exonerate the defendant of any criminal purpose and shall not affect any of his civil rights or liberties; and the defendant shall not be considered to have a criminal conviction."

2

the defendant was a convicted felon, or that he did not reasonably believe that he was a convicted felon at the time he possessed the firearm charged in the indictment"[5] and on the elements of the Georgia Act. However, the district court denied these requests, and instructed the jury that "(i)t is not necessary to prove that the defendant knew that he had been convicted of a felony offense, only that he had been so convicted before he received the firearm."[6]

## II. DISCUSSION

On appeal, Jackson maintains that the district court erred in denying his motion to suppress and in failing to instruct the jury on his theory of defense.

A. *Suppression motion*

Jackson argues that the scope of the search of his home was exceeded by the officers when they seized an item, the firearm, not described in the search warrant.

This court reviews a district court's findings of fact on a motion to suppress for clear error, and its application of law to the facts *de novo.*[7] If a search exceeds the scope of terms of a warrant, any subsequent seizure is unconstitutional.[8] However, a search may be extensive as reasonably necessary as required to locate the items described in the warrant[9], and is generally "not limited by the possibility that separate acts of entry or opening may be required to complete the search."[10] This

---

[5]RE Tab 6; R3 and R5 at 107-112.

[6]R1-37 at 7; R3 and R5 at 121.

[7]*United States v. Tokars,* 95 F.3d 1520, 1531 (11th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 1328, --- L.Ed.2d ---- (1997).

[8]*Horton v. California,* 496 U.S. 128, 140, 110 S.Ct. 2301, 2310, 110 L.Ed.2d 112 (1990).

[9]*United States v. Wuagneux,* 683 F.2d 1343, 1352 (11th Cir.1982), *cert. denied,* 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983).

[10]*United States v. Martinez,* 949 F.2d 1117, 1120 (11th Cir.1992), quoting *United States v. Ross,* 456 U.S. 798, 820-21, 102 S.Ct. 2157, 2170-2171, 72 L.Ed.2d 572 (1982)(footnote omitted).

court has held that a warrant to search a specific area for a certain class of things authorizes government agents to break open locked containers which may contain the objects of the search[11].

In this case, the officers were authorized by the warrant to search for cocaine. Although they had located some cocaine in the bathroom, it was within the scope of the warrant to continue the search. In conducting the search, the officers opened the closet door and looked inside, finding a firearm instead of cocaine. The firearm was, therefore, lawfully seized.

B. *Jury instruction*

Jackson argues that the district court erroneously instructed the jury that it was not necessary for the defendant to know that he had been convicted of a felony.

This court reviews a challenge to a jury instruction as a question of law subject to *de novo* review, and the refusal to give a requested instruction for abuse of discretion.[12] Although this court has not addressed the issue of knowledge of a prior conviction, the issue has been addressed by other circuits. After reviewing the legislative history of 18 U.S.C. § 922(g), the Fourth Circuit held that proof that a defendant had knowledge of his status of a convicted felon is not needed in order to prove that a defendant knowingly possessed a firearm after a felony conviction.[13] The Fourth Circuit upheld the district court's jury instruction that stated, *inter alia,* that the jury should return a guilty verdict if it found beyond a reasonable doubt that Langley had been convicted in some court of a crime punishable by a term of imprisonment exceeding one year.[14] The Fifth Circuit also upheld a jury instruction that "the crime ... does not require proof that the Defendant knew he was violating

---

[11]*Martinez,* 949 F.2d at 1120, citing *United States v. Gonzalez,* 940 F.2d 1413, 1420 (11th Cir.1991), *cert. denied,* 502 U.S. 1047, 112 S.Ct. 910, 116 L.Ed.2d 810 (1992) and *United States v. Morris,* 647 F.2d 568, 572-573 (5th Cir. Unit B 1981).

[12]*Tokars,* 95 F.3d at 1531.

[13]*United States v. Langley,* 62 F.3d 602, 604-606 (4th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 797, 133 L.Ed.2d 745 (1996).

[14]*Id.* at 604, 606.

the law."[15]  The Fifth Circuit held that knowledge of a legal obligation is not an element of 18 U.S.C. § 922(g).[16]  Based on the law, it does not appear that the district court erred in giving the instruction that it was not necessary that Jackson knew that he had been convicted of a felony.

Further, the weight of the evidence in this case showed that Jackson knew, or should have known, that he was a convicted felon.  The only evidence in support of his position that he was sentenced as a First Offender was his testimony.  He introduced no documents indicating such treatment, and the government introduced documents showing that he was adjudicated guilty.  It does not appear that the district court abused its discretion in applying the law to the facts of this case.

III. CONCLUSION

For the reasons stated above, the defendant's conviction is AFFIRMED.

---

[15]*United States v. Dancy,* 861 F.2d 77, 81 (5th Cir.1988).

[16]*Id.*