[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10286
Non-Argument Calendar

_____

D.C. Docket No. 04-00027-CR-A-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGGIE WILSON WHIDDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(August 17, 2005)**

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Reggie Wilson Whiddon appeals his conviction for being a felon in possession

of a firearm, in violation of 18 U.S.C. § 922(g)(1). On appeal, Whiddon argues that

the district court erred by denying his motion to suppress firearms and methamphetamine discovered at his residence during a search pursuant to a warrant. Whiddon argues the evidence should have been suppressed because (1) the information in the affidavit submitted in support of the search warrant was insufficient to establish probable cause, and (2) the officers who conducted the search of his house were required to obtain another warrant before they opened a sealed bag (containing methamphetamine) found in an automobile at his residence.

We review the district court's determination that an affidavit contains probable cause de novo and the district court's findings of fact for clear error. United States v. Jiminez, 224 F.3d 1243, 1248 (11th Cir. 2000). We give due deference to the inferences the district court and law enforcement officers draw from the facts. Id. We review for clear error a district court's findings of fact on a motion to suppress, and review de novo the application of law to the facts. United States v. Jackson, 120 F.3d 1226, 1228 (11th Cir. 1997).

After thorough review of the record and careful consideration of the parties' briefs, we affirm.

The relevant facts are straightforward. On February 25, 2004, Whiddon was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1), and possession of methamphetamine, in violation of 21 U.S.C.

§ 844 (Count 2). The indictment stemmed from an investigation in Abbeville, Alabama, concerning several anonymous "Crime Stopper" tips, received by the Abbeville Police Department ("APD"), about Whiddon. The tips indicated there was a strong chemical smell coming from Whiddon's business (a mechanic shop) and a lot of traffic going in to and out of the business. As a result of the tips, and discussions with a confidential informant ("CI") who knew Whiddon and indicated he could "get in with him and find out what his operation was," the APD and Hendry County Sheriff's Office ("HCSO") conducted a successful controlled buy by the CI at Whiddon's place of business. Thereafter, officers obtained a search warrant for Whiddon's home, at 511 County Road 79, and his business, Performance Auto. During the execution of the search warrant at the residence, the officers found eight firearms in the bedroom, and methamphetamine in a closed bag in Whidden's automobile.

Prior to trial, Whiddon filed a motion to suppress the evidence found during the execution of the search warrant for his house, arguing that probable cause did not exist to justify the warrant, and that the search warrant affidavit contained materially false statements. Whiddon further claimed that the warrant was vague and failed to provide facts as to the CI's reliability. Finally, Whiddon maintained that the officers needed a separate warrant to search the vehicle and the sealed bag found therein.

3

In support of his motion, Whiddon submitted the search warrant for his residence and the corresponding affidavit. The search warrant stated that the police had probable cause to believe that Whiddon and Jerry Michael Macon possessed crystal methamphetamine and other illegal contraband at Whiddon's residence. The search warrant gave the officers permission to search the residence and all buildings and vehicles located on the property for crystal methamphetamine and other illegal contraband. The warrant was issued based on the affidavit of Jason Hughes, an APD narcotics investigator who stated that he received Crime Stopper tips concerning both Whiddon's residence and his business. According to Investigator Hughes's affidavit, the tips stated that "there were suspicious activities at this location where there was a strong chemical smell coming from the business of Performance Auto." The tips further stated that there was heavy traffic in and out of the business, even after normal business hours.

Hughes stated that his corroboration of the tips included contact with "a confidential and reliable informant having dealings with Reggie Whiddon and Jerry Macon, and personally seeing crystal methamphetamine at the business . . . and [having seen] crystal methamphetamine and [having] knowledge that crystal methamphetamine is being manufactured in the residence . . . within the past 72 hours which is contrary to law." Hughes went on to say that "information obtained from

4

confidential informant revealed" that Whiddon and Macon manufactured crystal methamphetamine at the residence and stored the finished product at the business, the address of which Hughes verified through the Henry County Water Authority.

The magistrate judge conducted an evidentiary hearing on Whiddon's suppression motion, at which APD Investigator Hughes and HCSO Investigator Troy Silva testified about the following: their investigation leading up to the search of Whiddon's residence; the November 18, 2003 controlled buy that was coordinated at Whiddon's place of business; and other infromation gathered from the CI, who Investigator Silva had used in the past. The CI indicated to Silva that Whiddon regularly cooked methamphetamine on Tuesdays or Thursdays; he had surveillance equipment, guns and possibly explosives in his residence; and he was transporting drugs from his house to his place of business "after hours."

The magistrate judge issued a report and recommendation ("R&R"), wherein she recommended that Whiddon's motion to suppress be denied. She found the following facts: (1) the Crime Stopper tips were detailed and specific and appeared to have been based on firsthand observation; (2) the investigating officers corroborated the tips with a reliable CI, who had dealings with Whiddon, personally saw methamphetamine at the business and at the residence, and had knowledge that methamphetamine was being manufactured in the residence; (3) the CI gave the

5

officers the names of two of the individuals involved with the methamphetamine manufacturing as well as the location of the residence and the business, which the officers verified; and (4) the CI's observations were made within the 72 hours prior to the filing of the affidavit such that the information was not stale. As for Whiddon's argument concerning the scope of the search warrant, the magistrate judge found that the warrant included a search of the vehicles at the residence, particularly since the affidavit stated the CI informed the officers that the methamphetamine was being transported by car from Whiddon's residence to his business "after hours." The magistrate judge concluded that there was sufficient probable cause to sustain the search warrant.[1]

The district court adopted the R&R and denied Whiddon's motion to suppress. Whiddon then entered a conditional guilty plea, wherein he agreed to plead guilty to

---

[1] The magistrate judge further concluded that, even if probable cause did not exist, the good-faith exception, articulated in United States v. Leon, 468 U.S. 897, 908, 104 S. Ct. 3405, 3413, 82 L. Ed. 2d 677 (1984), applies. This exception provides that "courts generally should not render inadmissible evidence obtained by police officers acting in reasonable reliance upon a search warrant that is ultimately found to be unsupported by probable cause." United States v. Martin, 297 F.3d 1308, 1313 (11th Cir. 2002). The magistrate judge found the exception applicable based on the following circumstances: the officers knew the CI for one and one-half months prior to getting the CI's assistance with Whiddon; the CI had previously "made" two cases for the officers involving marijuana; the officers were aware that the CI had purchased methamphetamine from Whiddon's business the day before the search; and the officers knew that the CI was only acting as a "good citizen" in assisting them and did not receive assistance with any charges against him for doing so. Because we agree with the magistrate judge's conclusion that the search warrant affidavit was sufficient to support probably cause, we need not, and do not, reach the applicability of the Leon good-faith exception.

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and the government agreed to dismiss the remaining count charging him with possession of methamphetamine. In entering his plea, Whiddon reserved his right to appeal the district court's denial of his motion to suppress. The district court subsequently sentenced Whiddon to a 37-month term of imprisonment followed by a 3-year term of supervised release. This appeal followed.

First, Whiddon argues the district court erred by finding that the information in the search warrant's affidavit was sufficient to establish probable cause. The Fourth Amendment proscribes unreasonable searches and seizures and requires a search warrant to be supported by probable cause. See U.S. Const., Amend. IV. To establish probable cause, the search warrant affidavit must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) (citation omitted). More specifically, the affidavit should establish "a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." Id. at 1314. We look to the face of a particular affidavit to evaluate whether the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. at 1313 (citation omitted).

7

Here, the facts alleged within the four corners of the search warrant affidavit were sufficient to establish a connection between Whiddon, the places to be searched, and criminal activity. Specifically, in the search warrant affidavit, Officer Hughes averred, among other things, that: (1) he had received tips that suspicious activity was going on at, and a strong chemical smell emanating from, Whiddon's business; (2) a CI had drug dealings with Whiddon at the business and had firsthand knowledge that Whiddon was manufacturing methamphetamine at his home and selling the drugs at his business; and (3) the drug dealings with the CI had transpired within 72 hours of the swearing of the affidavit. On this record, we cannot say that the information in the search warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. Accordingly, the district court did not err by rejecting Whiddon's challenge to the sufficiency of the affidavit and denying his motion to suppress.

We are likewise unpersuaded by Whiddon's second argument, that the officers were required to obtain another search warrant before they searched the sealed bag found in the automobile at his residence. The search warrant gave the officers permission to search for methamphetamine in the vehicles at Whiddon's house. "[A] warrant to search a specific area for a certain class of things authorizes government agents to break open locked containers which may contain the objects of the search."

8

Jackson, 120 F.3d at 1228-29; see also United States v. Morris, 647 F.2d 568 (5th Cir. Unit B 1981) (holding that search warrant for defendant's residence authorized officers to open locked jewelry box; rejecting argument that separate warrant was required).[2]  Where a warrant has been issued, "a lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search."  United States v. Ross, 456 U.S. 798, 820-21, 102 S. Ct. 2157, 2170-71, 72 L. Ed. 2d 572 (1982) (footnote omitted).  Simply put, the officers did not exceed the scope of the warrant when they opened the bags found inside a vehicle parked at Whiddon's residence.  Therefore, the district court did not err when it denied Whiddon's motion to suppress on this basis.

**AFFIRMED.**

---

[2] Decisions of the former Fifth Circuit Unit B are binding precedent in this Circuit. See Stein v. Reynolds Securities, 667 F.2d 33, 34 (11th Cir. 1982).