[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 5, 2007
THOMAS K. KAHN
CLERK

No. 05-14452

D. C. Docket No. 02-20831 CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL VINCENT BRANDRETH,
a.k.a. Paulie Brandreth,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(September 5, 2007)**

Before DUBINA and MARCUS, Circuit Judges, and COOGLER,* District Judge.

PER CURIAM:

_____
*Honorable L. Scott Coogler, United States District Judge for the Northern District of Alabama,
sitting by designation.

Appellant Paul Vincent Brandreth ("Brandreth") argues in this appeal that his conviction should be reversed because (1) the district court erred in denying his motion to suppress all evidence seized during a search of his residence; (2) the district court erred in failing to strike sua sponte a government witness's statement regarding Brandreth's "propensity for violence" that "likely included guns;" and (3) there was insufficient evidence to support his conviction for possession of a firearm in furtherance of a drug trafficking offense.

The district court's denial of a motion to suppress evidence is reviewed as a mixed question of law and fact. *United States v. Hall*, 47 F.3d 1091, 1094 (11th Cir. 1995). A district court's findings of fact on a motion to suppress are reviewed for clear error, and its application of law to the facts is reviewed *de novo*. *United States v. Jackson*, 120 F.3d 1226, 1228 (11th Cir. 1997).

Error asserted for the first time on appeal is reviewed under the plain error standard. *United States v. Hansley*, 54 F.3d 709, 715 (11th Cir. 1995). For the court to correct plain error (1) there must be error, (2) the error must be plain, and (3) the error must affect substantial rights. *United States v. Olano*, 507 U.S. 725, 731-35, 113 S. Ct. 1770, 1776-78 (1993); *United States v. Vazquez*, 53 F.3d 1216, 1221 (11th Cir. 1995). If these three elements are met, the court may exercise its discretion to correct the error if it seriously affects "the fairness, integrity, or

public reputation of judicial proceedings." *United States v. Hall*, 312 F.3d 1250, 1259 (11th Cir. 2002) (internal quotation marks omitted).

A district court's decision to deny a motion for judgment of acquittal based on sufficiency of the evidence is reviewed *de novo*. *United States v. Williams*, 144 F.3d 1397, 1401 (11th Cir. 1998). In determining whether the government produced sufficient evidence to sustain the conviction, the appellate court must review the evidence adduced at trial in the light most favorable to the government and draw all reasonable factual inferences in favor of the jury's verdict. *Id.*

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that there is no merit to any of the arguments Brandreth makes in this appeal. Accordingly, we affirm his convictions.

**AFFIRMED.**