[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 12, 2010
JOHN LEY
CLERK

No. 09-11217
Non-Argument Calendar

_____

D. C. Docket No. 08-20365-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BEMKA CORP.,
d.b.a. Bemka Corporation House
of Caviar and Fine Foods,
MAX MOGHADDAM,
a.k.a. Bahmadi Moghaddam Mohammad,
a.k.a. Mohammad Moghaddam,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(March 12, 2010)

Before DUBINA, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellants Bemka Corporation ("Bemka") and Max Moghaddam (together, "the defendants") appeal their convictions for conspiracy to export paddlefish roe without required permits, in violation of 18 U.S.C. § 371, false labeling of export shipments, in violation of 16 U.S.C. §§ 3372(d)(1),(2), and attempting to export an endangered species without a permit, in violation of 16 U.S.C. § 1538(c)(1). The defendants argue the district court erred in denying their motion to suppress and that there was insufficient evidence to find Moghaddam guilty of all three counts of the indictment. Having found no error, we affirm.

## I. Motion to Suppress

On appeal, the defendants argue that there was insufficient evidence to support probable cause to issue a search warrant for Bemka's headquarters. The defendants assert that the information in the June 2007 warrant affidavit relating to the export and sale of caviar in 2004 and 2005 was stale. They argue that the allegations in the affidavit did not demonstrate that they knowingly violated the law and contest information in the affidavit concerning Bemka's abandonment of a permit application to export American paddlefish roe. They also argue that the search exceeded the bounds set by the search warrant and that the warrant was over

2

broad.

"Because rulings on motions to suppress involve mixed questions of fact and law, we review the district court's factual findings for clear error, and its application of the law to the facts *de novo*." *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000). "[A]ll facts are construed in the light most favorable to the prevailing party below." *Id.* "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for concluding' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983) (alteration omitted).

*Probable cause and staleness*

Under the Fourth Amendment, probable cause to support a search warrant exists when the totality of the circumstances allows the conclusion that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238, 103 S. Ct. at 2332. Our staleness doctrine "requires that the information supporting the government's application for a warrant must show that probable cause exists at the time the warrant issues." *Bervaldi*, 226 F.3d at 1264. When determining staleness, courts should consider the length of time, "nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and

3

function of the premises to be searched." *Id.* at 1265 (internal quotation marks omitted). "[W]here an affidavit recites a mere isolated violation then it is not unreasonable to believe that probable cause quickly dwindles with the passage of time." *Id*. (internal quotation marks omitted). Conversely, "if an affidavit recites activity indicating protracted or continuous conduct, time is of less significance." *Id*. (internal quotation marks omitted). Stale information can establish probable cause if "the government's affidavit updates, substantiates, or corroborates the stale material." *United States v. Jimenez*, 224 F.3d 1243, 1249 (11th Cir. 2000) (internal quotation marks omitted).

Under the totality of the circumstances test, the magistrate judge reasonably found probable cause based on the allegations in the warrant affidavit. *See Gates*, 462 U.S. at 238, 103 S. Ct. at 2332. The magistrate judge had a substantial basis to determine that the defendants were probably engaged in the illegal exportation of protected fish roe and that evidence of this crime would be found at Bemka's headquarters. *See id*. The court also did not err by finding that the information in the affidavit was not stale because the affidavit also presented evidence of more recent wrongdoing by the defendants.

*Particularity and exceeding the scope of the search warrant*

The Fourth Amendment requires that a warrant "particularly describ[e] the

place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. "A warrant which fails to sufficiently particularize the place to be searched or the things to be seized is unconstitutionally over broad." *United States v. Travers*, 233 F.3d 1327, 1329 (11th Cir. 2000). Additionally, "[i]f a search exceeds the scope of the terms of a warrant, any subsequent seizure is unconstitutional." *United States v. Jackson*, 120 F.3d 1226, 1228 (11th Cir. 1997). "However, a search may be extensive as reasonably necessary as required to locate the items described in the warrant[.]" *Id*.

We conclude that the warrant stated with particularity the items to be seized and the place to be searched. We also disagree with the defendants' assertion that the officers exceeded the scope of the search warrant. The defendants raise this argument for the first time on appeal; therefore, we review only for plain error. *See United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007). To prove plain error, the defendants must show (1) error, (2) that was plain, and (3) that affects substantial rights. *Id*. The defendants have failed to show that the district court plainly erred. Accordingly, we affirm the denial of the defendants' motion to suppress.

## II. Sufficiency of the Evidence

On appeal, the defendants argue that the district court erred by denying

Moghaddam's motion for acquittal as to the conspiracy charged in Count One because the government did not present evidence, direct or circumstantial, that he knowingly and willfully conspired with anyone to export protected paddlefish eggs without the required permits. The defendants also argue that the district court erred by denying Moghaddam's motion for acquittal as to false labeling of export shipments, as charged in Count Two, and attempt to export paddlefish eggs without a permit, as charged in Count Three, because the government presented no evidence that Moghaddam knowingly violated the law. The defendants argue that the evidence, at best, demonstrated that Moghaddam accidentally mislabeled the caviar at issue.

We review *de novo* whether sufficient evidence supports a conviction, inquiring as to whether, after viewing the evidence in the light most favorable to the government, any reasonable jury could have found the essential elements of a crime beyond a reasonable doubt. *United States v. Charles*, 313 F.3d 1278, 1284 (11th Cir. 2002). All reasonable inferences are drawn, and all facts are viewed, in the government's favor. *United States v. Hansen*, 262 F.3d 1217, 1236 (11th Cir. 2001). "At least where some corroborative evidence of guilt exists for the charged offense . . . and the defendant takes the stand in his own defense, the defendant's testimony, denying guilt, may establish, by itself, elements of the offense." *United*

6

*States v. Brown*, 53 F.3d 312, 314–15 (11th Cir. 1995).

To convict Moghaddam under 18 U.S.C. § 371, the government had to prove beyond a reasonable doubt that Moghaddam (1) knowingly and voluntarily entered into an agreement with another person to export paddlefish without the required permits and (2) the agreement was manifested by an overt act. 18 U.S.C. § 371; *see United States v. Lafaurie*, 833 F.2d 1468, 1470 (11th Cir. 1987) (holding that a conspiracy is an agreement to commit an illegal act, into which the defendant knowingly and voluntary enters, and which is manifested by an overt act). In order to convict Moghaddam under 16 U.S.C. §§ 3372(d)(1), (2), the government had to prove beyond a reasonable doubt that he had made or submitted "any false record, account, or label for, or any false identification of, any fish, wildlife, or plant which has been, or is intended to be (1) imported, exported, transported, sold, purchased, or received from any foreign country; or (2) transported in interstate or foreign commerce." 16 U.S.C. §§ 3372(d)(1), (2). To convict Moghaddam under 16 U.S.C. § 1538(c)(1), the government had to prove beyond a reasonable doubt that he had attempted, without a permit, to "engage in any trade" or "possess any specimens" of a species protected under the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"). 16 U.S.C. § 1538(c)(1).

Moghaddam's knowledge and participation in the conspiracy could be

7

inferred from the evidence in the record. There was sufficient evidence for a reasonable jury to find that the government had proven beyond a reasonable doubt that Moghaddam had conspired with Inés Fécherolle, the manager of his Belgian company, to illegally export paddlefish roe without proper permits.

A reasonable jury also could have concluded that Moghaddam mislabeled shipments of paddlefish roe as bowfin roe (Count 2), and attempted to export bowfin roe without proper permits (Count 3). Based upon the contradictory statements made by Moghaddam to FWS agents, evidence that someone at Bemka created a false shipping log entry, and evidence that someone attempted to relabel paddlefish caviar pail lids as bowfin, the jury could reasonably infer that Moghaddam knowingly violated the law. Therefore, we affirm the defendants' convictions.

**AFFIRMED.**