[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15603
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00564-ODE-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMESH PATEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 10, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Ramesh Patel appeals his conviction following a guilty plea to one count of filing a false tax return, in violation of 26 U.S.C. § 7206(1). He argues that the draft and filed tax returns seized during the search of his business were outside the scope of the search warrant.[1] For the reasons set forth below, we affirm.

I.

Patel was the manager of a family-owned Comfort Inn hotel in Union City, Georgia. An investigation in 2007 revealed that he had over-billed the Federal Emergency Management Agency ("FEMA") for lodging expenses for displaced victims of Hurricane Katrina. A search warrant was issued that authorized seizure of certain classes of documents:

> 7.    [a]ll financial records including financial statements, charts of accounts, general ledgers, general journals, gross receipts and income records, charge journals, cashier checks, money orders, credit balance reports, financial statements, payment journals, cash receipts, disbursement records or journals, account receivable and payable ledgers, monthly billing charts, expense reports, invoices, or related documents, pertaining to the housing of displaced victims of Hurricane Katrina; [and]
> . . . .
> 10.    [a]ny and all other records that constitute evidence of the commission of the offenses outlined by the government, fruits of the crimes outlined by the government, and property designed or intended

[1] Patel also asserts that a warrant broad enough to include documents entirely unrelated to the fraud offense that was under investigation at the time would be overly broad, and he argues that the good-faith exception to the exclusionary rule did not apply in this case. In light of our holding herein, we decline to address these arguments.

for use or which has been used as the means of committing the crimes described by the government.

On June 25, 2007, agents of the Federal Bureau of Investigation ("FBI") executed the warrant on the hotel and confiscated business records, including drafts of tax returns and filed tax returns for the years 2005 and 2006. Agents discovered that the copies were prepared by two separate tax preparers and had noticeably different tax adjustments and allowances.

Agents learned that Patel had asked the accountant who initially prepared his individual 2005 tax return to omit the profits from the 2005 sale of his dry-cleaning business, amounting to $299,600. Patel indicated to the accountant that he would not be able to pay the taxes due if those profits were included, and he discussed writing off a $50,000 franchise fee all at once, rather than doing so over the course of 15 years. The accountant prepared Patel's taxes, but he refused to make the requested changes. Patel subsequently asked another accountant to prepare his individual 2005 return, providing her with a copy of the first accountant's version and indicating that he did not agree with how it had been prepared. The second accountant prepared several drafts before Patel was satisfied, but Patel continued to disagree with her treatment of the profits from the sale of the dry-cleaning business. The second accountant also prepared a

3

corporate 2005 tax return for SRI OM Inc., which had controlled the dry-cleaning business.

Agents discovered that neither the corporate nor the individual tax returns that Patel actually filed for 2005 listed the sale of the dry-cleaning business. In each year that Patel had owned the dry-cleaning business, he had filed taxes writing off its cost. When he sold it in mid-2005, he deposited the check for $299,600 into the SRI OM business account, then transferred the money into his personal account. Later that year, he used $435,000 from his personal account to purchase the Comfort Inn. As a result of his failure to report the profits from the sale of the dry-cleaning business, Patel owed additional corporate taxes of $93,389 and additional individual taxes of $40,448.

Patel was charged in a superseding indictment with (1) filing a false corporate income-tax return, and (2) filing a false personal income-tax return, both in violation of 26 U.S.C. § 7206(1) and 18 U.S.C. § 2. He moved to suppress the seized tax returns, as well as any statements that were obtained as a result of the investigation of those returns, on grounds that the seizure exceeded the scope of the search warrant. He argued that they were not listed in Paragraph 7's detailed description of financial records or in any other section of the warrant, and that Paragraph 7 was limited to records "pertaining to the housing of displaced victims

4

of Hurricane Katrina," which Patel did not believe to encompass the tax returns. Accordingly, Patel argued that the tax records, as well as the statements from the accountants that were the fruits of the seizure of the tax records, should be suppressed.

The magistrate judge stated that the warrant did not specifically identify tax returns or tax-return-related documents, but that the agents reasonably interpreted Paragraph 7 as including those documents. The 2005 and 2006 tax-return information fell within the scope of financial statements, gross receipts and income records, and expense reports, and the agents would reasonably have concluded that the tax returns and related documents could contain information referencing or relying on all of the items specifically listed in Paragraph 7. Thus, the agents did not exceed the scope of the warrant.

Over Patel's objections, the district court adopted the magistrate's report and denied the motion to suppress, noting in particular that the agents had reasonable grounds to believe that the 2005 tax returns were "financial records . . . or related documents[] pertaining to the housing of displaced victims of Hurricane Katrina." The court also concluded that the tax documents were within the scope of Paragraph 10 and that the courts have upheld such catch-all provisions if

5

properly limited to some direct relation to the crimes outlined in the warrant and supporting attachments.

Patel subsequently entered a negotiated guilty plea to Count 1 of the superseding indictment, whereby he reserved the right to appeal the denial of his motion to suppress. The district court convicted Patel and sentenced him to two years' probation.

## II.

In reviewing the denial of a motion to suppress, we review the district court's findings of fact for clear error and its application of law to those facts *de novo*. *United States v. Ramirez*, 476 F.3d 1231, 1235 (11th Cir. 2007). All facts are construed in the light most favorable to the prevailing party. *Id.* at 1235-36.

Officers executing a warrant may search as extensively as reasonably necessary to locate the items described in the warrant. *United States v. Jackson*, 120 F.3d 1226, 1228 (11th Cir. 1997). If a search exceeds the scope of the terms of a warrant, any subsequent seizure is unconstitutional. *Id.* Yet "[t]he crucial inquiry is always whether the search and seizures were reasonable under all the circumstances." *United States v. Schandl*, 947 F.2d 462, 465 (11th Cir. 1991) (quotation marks omitted). "Such things as the scope of the warrant, the behavior of the searching agents, the conditions under which the search was conducted, and

the nature of the evidence being sought must be considered in determining whether or not the search was reasonable." *Id.* The particularity requirement for search warrants "must be applied with a practical margin of flexibility, taking into account the nature of the items to be seized and the complexity of the case under investigation." *United States v. Sawyer*, 799 F.2d 1494, 1508 (11th Cir. 1986). A complex investigation "may require piecing together like a jigsaw puzzle a number of items of evidence that may not appear incriminating when taken alone." *Id.* (quotation and alteration marks omitted). "Moreover, in cases involving a pervasive scheme to defraud, all the business records of the enterprise may properly be seized." *Id.*

Paragraph 7 of the warrant authorized the seizure of "[a]ll financial records including financial statements, . . . gross receipts and income records, . . . expense reports, . . . or related documents, pertaining to the housing of displaced victims of Hurricane Katrina." Paragraph 10 authorized the seizure of "[a]ny and all other records that constitute[d] evidence of the commission of the [FEMA fraud] offenses [or] fruits of [those] crimes." In light of the nature of the offense under investigation, the district court did not clearly err when it found that the agents reasonably believed that the draft and filed tax returns for the relevant time period would document income and expenses arising from the housing of the Katrina

7

evacuees or otherwise would reflect the fruits of the alleged FEMA fraud. *See Ramirez*, 476 F.3d at 1235; *Schandl*, 947 F.2d at 465; *Sawyer*, 799 F.2d at 1508. Therefore, the district court did not clearly err in finding that the seizure of the tax documents was authorized by Paragraphs 7 and 10 of the warrant. *See Ramirez*, 476 F.3d at 1235.

For the foregoing reasons, we affirm Patel's conviction. However, we note that a typographical error in the district court's judgment mistakenly identifies the incorrect statute of conviction. Accordingly, we remand to the district court for the limited purpose of entering a *nunc pro tunc* order correcting the typographical error.

**AFFIRMED.  LIMITED REMAND WITH INSTRUCTIONS.**