[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11457
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 30, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00325-VEH-RRA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARLON CHRISTOPHER SIMMONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 30, 2011)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Marlon Christopher Simmons, who conditionally pleaded guilty to

possessing an unregistered firearm or destructive device, 26 U.S.C. § 5861(d),

appeals the denial of his motion to suppress. Simmons argues that the affidavit in support of the search warrant failed to provide probable cause to search his home, the warrant "fail[ed] to state with any particularity" the items to be seized, and the search of his home exceeded the scope of the search warrant. We affirm.

The district court did not err when it denied Simmons's motion to suppress. The affidavit provided probable cause to conclude that Simmons had used a cellular telephone to threaten to kill officers of the Birmingham Police Department and that the cellular telephone was located inside Simmons's residence. See United States v. Kapordelis, 569 F.3d 1291, 1310 (11th Cir. 2009). The affidavit stated that Simmons had made the threat that morning "from a cellular phone . . . number (714) 213-1425" that Simmons "did not have . . . in his possession" when he had been arrested, and that officers had observed Simmons go "to and from [his] residence since the phone call was received and before his arrest." Because of the open-ended nature of Simmons's threat, the warrant, which permitted officers to seize "any and all evidence of the crime of a terrorist threat from a cellular phone . . . number (714) 213-1425," was "as specific as the circumstances and the nature of the activity under investigation permit[ted]," United States v. Blum, 753 F.2d 999, 1001 (11th Cir. 1985). The warrant gave the officers lawful access to Simmons's house and permitted them to make "a search . . . [as]

2

extensive as reasonably necessary . . . to locate" Simmons's cellular telephone and any object that he could use to effectuate his threat. <u>United States v. Jackson</u>, 120 F.3d 1226, 1228 (11th Cir. 1997). Based on that warrant, Officer Carla Bingham was permitted to search a duffle bag that she observed lying open on the floor and inside which she discovered components used to make a pipe bomb.

We **AFFIRM** Simmons's conviction.