[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14899
Non-Argument Calendar

_____

D.C. Docket Nos. 4:15-cr-00194-LGW-GRS-1,
4:17-cv-00043-LGW-GRS

RICHARD A. JILES,

Defendant-Appellant,

versus

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 10, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Richard Jiles appeals his conviction and sentence for being a felon in

possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The

district court granted him leave to file an out-of-time appeal as the result of his 28

U.S.C. § 2255 proceeding and the district court's order granting in part his § 2255

motion. The district court granted Jiles a certificate of appealability on the issue of

whether he was entitled to a de novo resentencing hearing. Jiles also argues on

appeal that his indictment was defective and his prior felony conviction for

Georgia burglary was not a predicate offense under the Armed Career Criminal

Act (ACCA). After careful review of the briefs and record, we affirm.

When an out-of-time direct appeal is warranted, the district court should: (1)

vacate the criminal judgment from which the defendant wishes to appeal; (2)

impose the same sentence; (3) upon reimposition of the sentence, advise the

defendant of all the rights associated with an appeal from a criminal sentence; and

(4) advise the defendant of the deadline for filing a notice of appeal. *United States

v. Phillips,* 225 F.3d 1198, 1201 (11th Cir. 2000). A defendant does not have a

right to a new sentencing hearing or a right to be present when resentenced under

the *Phillips* procedure. *See United States v. Parrish,* 427 F.3d 1345, 1348 (11th

Cir. 2005) (per curiam). The district court properly followed the *Phillips*

procedure in this case, so we now turn to the merits of the appeal.

First, Jiles argues that the indictment fails to allege that, at the time of the

offense, he knew that he was a felon. But it is not necessary for the government to

prove that Jiles knew that he was a convicted felon in order to be convicted under

§ 922(g)(1).  *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997) (per curiam).  Thus, Jiles's indictment was not defective.

Second, Jiles argues for the first time on appeal that Georgia's burglary statute is not an ACCA predicate offense.  We held in *United  States v. Gundy* that Georgia burglary is a violent felony, pursuant to the modified categorical approach, when a defendant has burglarized a dwelling house or building.  *See Gundy*, 842 F.3d 1156, 1168–69 (11th Cir. 2016).  We must apply *Gundy* under the prior-panel-precedent rule.  *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  Thus, the district court did not plainly err in classifying Jiles as an armed career criminal.

**AFFIRMED**.