[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13284
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-00408-ACA-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD MALONE LAWSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 28, 2021)

Before MARTIN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Edward Malone Lawson appeals his conviction and sentence after pleading guilty to being a felon in possession of a firearm. On appeal, Defendant argues for the first time that his conviction must be reversed because, during the plea colloquy, the district court failed to explain, in accordance with *Rehaif v. United States*, 139 S. Ct. 2191 (2019), that an element of the offense was Defendant's knowledge of his status as a felon. Defendant also argues that his sentence was substantively unreasonable. The Government responds that the *Rehaif* error caused no prejudice and that a sentence-appeal waiver in Defendant's plea agreement bars his substantive-reasonableness challenge. We agree with the Government. Accordingly, we affirm Defendant's conviction and dismiss the appeal from his sentence.

## I.    BACKGROUND

A federal grand jury indicted Defendant on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The indictment alleged that Defendant had knowingly possessed a Hi-Point .45 caliber pistol in February 2018, after having sustained several felony convictions between 1990 and 1999, including convictions for sodomy and rape, and several convictions for unlawful distribution of a controlled substance.

2

Defendant pled guilty pursuant to a written plea agreement, which specified that Defendant was subject to a 15-year minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  According to the factual proffer, Defendant admitted that law enforcement had found a pistol in his bedroom while executing a search warrant on his residence, that he had admitted to owning the firearm for personal protection after waiving his *Miranda* rights, and that, "[a]t the time of the incident, [Defendant] had prior felony convictions for Sodomy, First Degree, Rape, First Degree, and Unlawful Distribution of a Controlled Substance (x3)."  The plea agreement also included a sentence-appeal waiver, under which Defendant agreed to waive the right to appeal his sentence unless (1) the court imposed a sentence exceeding the statutory maximum, (2) the court imposed a sentence exceeding the advisory guideline range, as determined by the court, or (3) Defendant asserted a claim of ineffective assistance of counsel.

At the change-of-plea hearing, Defendant confirmed that he had enough time to review the indictment and plea agreement with counsel.  After the court described in detail the trial rights he would be giving up by pleading guilty, Defendant confirmed his understanding.  As to the charge against him, the court informed Defendant that the Government would be required to prove that he "had been convicted of a felony" before he "knowingly possessed a firearm," and that

he would be subject to a 15-year mandatory minimum sentence if the court determined that he was an armed career criminal.

When the court asked Defendant whether he understood that the plea agreement contained a sentence-appeal waiver, Defendant responded that he understood he was giving up his right to appeal. The Government and defense counsel then explained in greater detail that Defendant was waiving his right to appeal except under limited circumstances, namely, if he received a sentence beyond the statutory maximum or guideline maximum or if he claimed ineffective assistance of counsel. The court asked again whether Defendant understood the waiver, and he confirmed that he did.

When the court inquired about the factual basis in the plea agreement, Defendant agreed that the facts alleged were substantially correct and that he "had a gun under the bed." Although Defendant responded "No" when the court asked if he knew that he was "violating the law when [he] did that," Defense counsel explained that the Government did not need to prove that he knew he was violating the law, only that he knew he possessed the firearm. Defendant confirmed that he was pleading guilty because he was guilty, and the court accepted his plea, finding that it was knowing and voluntary.

According to the presentence investigation report ("PSR"), Defendant qualified as an armed career criminal because he had sustained convictions in 1999

4

for five counts of unlawful distribution of a controlled substance, which he had committed on separate occasions. The PSR noted that Defendant also had a 1990 conviction for first-degree sodomy and a 1991 conviction for first-degree rape, but that they were not counted as predicate offenses for the ACCA enhancement because *Shepard* documents could not be located. For the sodomy conviction, Defendant received a 10-year suspended prison sentence but ultimately served 10 months in jail after violating probation. The rape conviction resulted in a 15-year prison sentence, but Defendant served only 10 months before being released on probation. As for the five drug convictions, Defendant received concurrent 20-year prison terms beginning at different points in 1999. Defendant served nearly three years in prison for those convictions before he was released on probation in 2002.

Defendant objected that being sentenced as an armed career criminal was "unconscionable," "grossly unreasonable," and "inappropriate," given that his convictions were too old to generate criminal-history points.[1] But Defendant admitted that the objection was contrary to current law, and that he merely sought to preserve the issue in case the legal landscape later changed. The court overruled the objection, noting that Defendant clearly had had at least three qualifying

---

[1] Under U.S.S.G. § 4A1.2(e), certain sentences that were not imposed within 10–15 years of the defendant's commencement of the instant offense are not counted.

predicate offenses for an ACCA enhancement. Defendant confirmed that he had no other objections to the PSR. But he argued in mitigation that he kept the gun for protection because a prior home invasion had resulted in the theft of his phone and wheelchair.

After the court imposed sentence and entered judgment, Defendant moved for a new trial and reconsideration of sentencing under Federal Rule of Criminal Procedure 33(a). Defendant reiterated his objections to the court sentencing him as an armed career criminal and argued that his sentence was substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors. Concluding that it lacked authority to grant the relief requested, the court denied Defendant's motion.

## II.    DISCUSSION

### A.    Whether the District Court Plainly Erred in Convicting Defendant Under *Rehaif*

When Defendant entered his guilty plea, settled precedent in this Circuit provided that an 18 U.S.C § 922(g) conviction for being a felon in possession of a firearm did not require proof that the defendant knew he was a convicted felon. *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997), *abrogated as recognized in United States v. Reed*, 941 F.3d 1018, 1020–21 (11th Cir. 2019). After Defendant was convicted, however, the Supreme Court decided *Rehaif v. United States*, which held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he

6

possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). The relevant status element for a felon-in-possession-of-a-firearm charge requires proof that the defendant knew he was a person convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1); *see Rehaif*, 139 S. Ct. at 2198.

On appeal, Defendant argues for the first time that the district court violated *Rehaif* by failing to inform him during the plea colloquy that an element of his offense was knowledge of his status as a felon. According to Defendant, we must reverse his conviction because this *Rehaif* error resulted in a plea that was not knowing, intelligent, and voluntary.

We review Defendant's argument for plain error because he did not challenge the constitutionality of his plea below. *United States v. Moriarty*, 429 F.3d 1012, 1018 (11th Cir. 2005). To establish plain error, a defendant must show that (1) there was an error, (2) the error was plain, (3) the error affects substantial rights, and (4) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1019 (alteration accepted) (quotation marks omitted). Because the Government concedes that the district court's error in accepting Defendant's plea was plain under *Rehaif*, we turn to the third prong of plain-error review.

To establish that a *Rehaif* error in a plea colloquy affected a defendant's substantial rights, a defendant must "show[] that, if the District Court had correctly advised him of the *mens rea* element of the offense, there is a reasonable probability that he would not have pled guilty." *Greer v. United States*, -- S. Ct. --, slip op. at 4, No. 19-8709, 2021 WL 2405146 (U.S. June 14, 2021) (quotation marks omitted). This is a difficult burden for a felon to carry because "a felon . . . ordinarily knows he is a felon," and juries "will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon." *Id.* at --, slip op. at 4–5 (emphasis in original). Because a prior felony conviction constitutes "substantial evidence" that a defendant knew he was a felon, "a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at --, --, slip op. at 5, 10.

Here, Defendant has not carried his burden of establishing prejudice under the third prong of plain-error review. Defendant has not even asserted that he would have gone to trial but for the *Rehaif* error, much less identified evidence upon which he could have relied to suggest that he did not know he was a felon when he possessed the gun. *See id.* at --, slip op. at 6 (holding that the defendants could not show prejudice because they had not "argued or made a representation

8

that they would have presented evidence at trial that they did not in fact know they were felons when they possessed firearms").

Moreover, our review of the record reveals overwhelming evidence that Defendant knew of his felon status. According to the unobjected-to portions of his PSR, Defendant had received prison sentences of 10 years for sodomy, 15 years for rape, and 20 years for each of five drug convictions. Given Defendant's repeated convictions for felony offenses, the length of his sentences, and the fact that he actually served nearly three years in prison for his drug convictions, Defendant could not have credibly argued that he did not know he had a prior conviction for a crime punishable by imprisonment for a term exceeding one year when he possessed the firearm. *See United States v. Bates*, 960 F.3d 1278, 1296 (11th Cir. 2020) (no prejudice from a *Rehaif* error in a guilty plea because the defendant's seven prior felony convictions provided "overwhelming evidence" as to the knowledge-of-status element); *United States v. McLellan*, 958 F.3d 1110, 1119–20 (11th Cir. 2020) (no prejudice from a *Rehaif* error in a plea colloquy because the defendant had served a total of about ten years in prison, including a term of more than seven years after violating probation, making it "inconceivable" that he did not know he was a felon); *United States v. Innocent*, 977 F.3d 1077, 1082–83 (11th Cir. 2020) (no prejudice from a *Rehaif* error in an indictment because, although the defendant had "never served more than a year in prison for any of his convictions,"

he had four prior felonies, and "someone who has been convicted of felonies repeatedly is especially likely to know he is a felon"). Accordingly, the *Rehaif* error did not affect his substantial rights.

As a final matter, we note that Defendant's only argument on appeal is irrelevant to whether he would have pled guilty but for the *Rehaif* error. Specifically, he argues that the plea colloquy clearly established that he did not know he was violating the law because, when the court asked him if he knew that he was "violating the law" when he possessed a firearm, he responded, "No." Whether he knew he was "violating the law," however, has no bearing on his guilt. *Rehaif* requires only that he knew that (1) he possessed a firearm and (2) he had the status of a person prohibited from possessing a firearm. *Rehaif*, 139 S. Ct. at 2200. Knowledge that one is "violating the law" is not an element of the offense. *See United States v. Benton*, 988 F.3d 1231, 1235–36, 1238–39 (10th Cir. 2021) (rejecting an argument that "*Rehaif* imposed an additional burden on the government . . . to prove [a defendant] knew he was prohibited from possessing a firearm as a result of his status").

Because Defendant has not carried his burden of establishing prejudice under the third prong of plain-error review, he has not shown that the court's *Rehaif* error during the plea colloquy warrants reversal. Accordingly, we affirm Defendant's conviction.

10

### B.    Whether Defendant May Challenge His Sentence on Substantive-Reasonableness Grounds Despite His Sentence-Appeal Waiver

On appeal, Defendant challenges his sentence as substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors.  He contends that it was unfair to sentence him as an armed career criminal based on convictions that were too old to generate criminal-history points, and that his sentence was far greater than necessary, given that he is disabled and confined to a wheelchair, and he possessed a gun solely for personal protection.  The Government, however, argues that we should dismiss Defendant's sentence challenge because his plea agreement contained a valid and enforceable sentence-appeal waiver.

We review *de novo* the validity of a sentence-appeal waiver.  *United States v. DiFalco*, 837 F.3d 1207, 1215 (11th Cir. 2016).  To enforce a sentence-appeal waiver, the Government must establish that the waiver was knowing and voluntary by showing "that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).

Here, the Government has carried its burden of showing that the sentence-appeal waiver is valid and enforceable.  At the sentencing hearing, both the Government and defense counsel explained that Defendant was waiving his right

11

to appeal his sentence unless (1) the court imposed a sentence exceeding the statutory maximum, (2) the court imposed a sentence exceeding the advisory guideline range, or (3) Defendant claimed ineffective assistance of counsel.  When the court asked if Defendant understood the waiver, Defendant confirmed his understanding.

On appeal, Defendant does not dispute that he knowingly and voluntarily waived his right to appeal his sentence.  Nor does he claim that his sentence challenge falls within one of the plea agreement's three exceptions to the sentence-appeal waiver.[2]  Accordingly, we dismiss Defendant's challenge to his sentence.

## III.    CONCLUSION

Because the *Rehaif* error during the change-of-plea hearing did not affect Defendant's substantial rights, and the sentence-appeal waiver in Defendant's plea agreement is valid and enforceable, we affirm Defendant's conviction and dismiss the appeal from his sentence.

**AFFIRMED IN PART, DISMISSED IN PART.**

---

[2]  Defendant asserts in conclusory fashion that the district court violated his Fifth and Eighth Amendment rights by sentencing him under the ACCA.  Even if we could fairly construe this as a contention falling within the sentence-appeal waiver's exception for an appeal from a sentence exceeding the statutory maximum, Defendant has abandoned the issue by failing to develop a Fifth or Eighth Amendment argument with citations to supporting authority.  *See United States v. Tejas*, 868 F.3d 1242, 1246 n.3 (11th Cir. 2017) (holding that the defendant had abandoned an issue where he made "a few conclusory assertions" that the district court erred but "d[id] not cite any relevant authority or develop any arguments in support of that contention").