**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Patrick O'SHEA,
Defendant-Appellant.**

No. 82–8660.

United States Court of Appeals,
Eleventh Circuit.

Feb. 13, 1984.

Frank H. Childs, Jr., Macon, Ga., for defendant-appellant.

Edgar W. Ennis, Jr., Asst. U.S. Atty., Macon, Ga., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

The appellant, John Patrick O'Shea, was convicted by a jury on five counts: being a convicted felon and transporting firearms in interstate commerce (18 U.S.C. § 922(g)(1)); transporting a stolen motor vehicle in interstate commerce (18 U.S.C. §§ 2312 and 2); concealing, storing, and disposing of a motor vehicle which has constituted interstate commerce, knowing the vehicle to have been stolen (18 U.S.C. §§ 2313 and 2); being a convicted felon and receiving a firearm previously transported in interstate commerce (18 U.S.C. § 922(h)(1)); and using a firearm to commit a felony for which he could be prosecuted in a United States Court (18 U.S.C. §§ 924(c)(1) and 2).

The charges arose out of O'Shea's escape from federal custody while being transferred to Oregon under a writ of habeas corpus ad testificandum. At the time, O'Shea was serving a life sentence for murder in Massachusetts. With the help of confederates and in possession of two revolvers, O'Shea travelled in a stolen automobile to Georgia where he went into hiding. While in Georgia he was confronted by two deputies, whom he disarmed and handcuffed to a tree; he then stole their twelve gauge shotgun. O'Shea was eventually arrested in Oregon, eight months after his escape.

I.

O'Shea's main contention on appeal is that the district court should have required the government to accept his proffered stipulation that he was a convicted felon for those charges that included a felony conviction as an element of the offense. As part of the stipulation, O'Shea requested that reference to his murder conviction be deleted from the indictment and not be mentioned during the trial. O'Shea argues that because the stipulation was refused, he was unduly prejudiced and denied a fair and impartial trial once the jury learned from the indictment that he was a convicted murderer.

When O'Shea's counsel first made the proffered stipulation at a pre-trial hearing, the trial judge questioned the government's attorney and other defense counsel on their willingness to stipulate. The government's attorney objected to the stipulation but the lawyers for the other defendants indicated that they were willing to agree and several stated that they would like a similar stipu-

lation for their clients. At this stage, the judge indicated that it was "his inclination to grant the motion."

Upon further discussion, however, various problems with the proposed stipulations began to emerge. When the government indicated that it intended to call as a witness one of the defendants who had pleaded guilty, and to whose prior convictions one of the remaining defendants had requested a stipulation, a codefendant's lawyer reserved the right to bring out past convictions for impeachment. The lawyer proceeded to state that she also intended to introduce a newspaper article concerning O'Shea to show when her client first learned of his escape, and she thought it might contain a reference to O'Shea's murder conviction. The government's attorney also indicated that he was calling a number of O'Shea's acquaintances as witnesses, and that he doubted that O'Shea's past could be completely kept out. In light of these problems, the judge denied the stipulations, noting "it sounds like that on both sides, the background of these two individuals [O'Shea and a codefendant] is going to be brought out by somebody at some time and it may be an exercise in futility to start out withholding part of it from the jury, knowing it will unfold anyway." O'Shea's lawyer objected to the court's ruling and renewed his objection later when a summary of the indictment that included a reference to O'Shea's murder conviction was given to the jury.

■ As a general rule, a party may not preclude his adversary's offer of proof by admission or stipulation. *Parr v. United States,* 255 F.2d 86, 88 (5th Cir.1958),[1] *cert. denied,* 358 U.S. 824, 79 S.Ct. 40, 3 L.Ed.2d 64 (1958). This proposition, however, is qualified by Rule 403 of the Federal Rules of Evidence,[2] which requires that evidence be excluded if its potential for unfair prejudice is substantially outweighed by its pro-

bative value. The ultimate decision to exclude evidence under Rule 403 is "committed to the sound discretion of the trial court, tempered by the particular facts presented." *United States v. Grassi,* 602 F.2d 1192, 1197 (5th Cir.1979), *vacated and remanded on other grounds,* 448 U.S. 902, 100 S.Ct. 3041, 65 L.Ed.2d 1131 (1980). An offer to stipulate is one factor that the trial court should consider in making a determination under Rule 403. *United States v. Bizzard,* 674 F.2d 1382, 1388 (11th Cir.1982); *United States v. Grassi, supra; see also United States v. Thomas,* 676 F.2d 531, 537 n. 4 (11th Cir.1982).

Unlike other courts, our circuit has declined to adopt a per se rule either for or against admission of evidence where the defendant offers to stipulate to an element of the offense. *Grassi,* 602 F.2d at 1197. *Compare United States v. Poore,* 594 F.2d 39 (4th Cir.1979) (error not to strike nature of crime from indictment where stipulation offered) *with United States v. Williams,* 612 F.2d 735 (3d Cir.1979), *cert. denied,* 445 U.S. 934, 100 S.Ct. 1328, 63 L.Ed.2d 770 (1980) (government not required to accept stipulation). We have recognized, however, that where a prior conviction is part of an offense and the defendant offers to stipulate to the prior conviction, it may constitute an abuse of discretion to allow the nature of the offense to be admitted. *United States v. Spletzer,* 535 F.2d 950, 956 (5th Cir.1976) (error to deny stipulation because no superseding prosecutorial need for the evidence); *cf. United States v. Barfield,* 527 F.2d 858, 861 n. 5 (5th Cir.1976) (possible error to allow proof of additional felonies if defendant stipulates to their existence).

■ After reviewing the district court's decision in this case not to accept O'Shea's proffered stipulation, we do not find that the court abused its discretion. O'Shea's murder conviction was prejudicial

---

1. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

2. Rule 403 of the Federal Rules of Evidence provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

and the proffered stipulation did diminish the conviction's probative value. *Spletzer, supra.* The proffered stipulation, however, was only one factor to be considered in the Rule 403 balancing process, *Grassi, supra,* and there were sufficient other circumstances that counseled against its acceptance. Counsel for a codefendant indicated that O'Shea's past conviction probably would be introduced into evidence as part of her client's case and she also requested that certain conditions on the scope of the stipulation be imposed. Additionally, the government's attorney noted that the government planned to call as witnesses a number of O'Shea's associates and that it was likely that O'Shea's past conviction ultimately would be revealed. Although the district court might have chosen to enter the stipulation on the condition that these events actually not come to pass, we find that their likelihood of occurring was great enough that the district court did not act unreasonably in denying the stipulation at the pre-trial hearing. The court was not required to choose the least prejudicial alternative available, *Grassi,* 602 F.2d at 1197, so long as the chosen alternative did not constitute an abuse of discretion, and here it did not.

## II.

O'Shea also challenges the sufficiency of the evidence for his conviction. The standard for reviewing such challenges is whether, after viewing the evidence in the light most favorable to the government, "a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Bell,* 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), *affirmed,* —— U.S. ——, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). O'Shea does not specify any alleged deficiencies in the evidence supporting his convictions, and, after a careful review of the record, we find ample evidence on which a reasonable jury could have relied in finding him guilty.

Having found no merit in the appellant's contentions, his conviction is AFFIRMED.