[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12570
Non-Argument Calendar

_____

D. C. Docket No. 07-00060-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TARIAN GREGORY LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 10, 2009)**

Before DUBINA, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Tarian Lee appeals his convictions for possession with intent to

distribute cocaine, marijuana, and 3,4-methylenedioxymethamphetamine ("MDMA" or "ecstasy"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D), and 851; and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On appeal, Lee argues that (1) the evidence was insufficient to support his convictions, (2) he was deprived of his due process right to a fair trial because the government questioned him about his prior convictions after he had stipulated to them, and (3) he received ineffective assistance of counsel.

### Sufficiency of the evidence

With regard to the drug charge, Lee argues that the evidence was insufficient to prove knowledge and possession because (1) the government did not disprove that someone else owned the drugs, (2) there was no testimony that anyone bought drugs from him, and (3) he did not have exclusive possession of the apartment where the drugs were found. With regard to the firearm charge, Lee argues that there was insufficient evidence that a certain firearm belonged to him.

When the defendant fails to move for judgment of acquittal at the close of evidence, as in this case, we review the sufficiency of the evidence for a manifest injustice, which requires a finding that "the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *United States v. Tapia*,

2

761 F.2d 1488, 1491-92 (11th Cir. 1985) (quotation omitted).

Generally, in considering whether evidence is sufficient to support a conviction, "[i]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt as a jury is free to choose among reasonable constructions of the evidence." *United States v. Thomas*, 8 F.3d 1552, 1556 (11th Cir. 1993) (quotation, alteration, and ellipsis omitted). We consider all of the evidence produced at trial against the defendant in evaluating a claim that the evidence was insufficient to convict. *Id.* at 1558 n. 12. In reviewing witness testimony, "[t]he jury gets to make any credibility choices, and we will assume that they made them all in the way that supports the verdict." *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006). "[A] statement by a defendant, if disbelieved by the jury, may be considered as *substantive evidence* of the defendant's guilt." *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995). Specifically, "when a defendant chooses to testify, he runs the risk that if disbelieved the jury might conclude the opposite of his testimony is true." *Id.* (quotation omitted).

Under 21 U.S.C. § 841, it is unlawful to possess a controlled substance with intent to distribute. 21 U.S.C. § 841(a)(1). To establish a violation of § 841, the government must prove knowledge, possession, and intent by direct or

3

circumstantial evidence. *United States v. Poole*, 878 F.2d 1389, 1391-92 (11th Cir. 1989). "To establish a violation of § 922(g)(1), the government must prove beyond a reasonable doubt three elements: (1) that the defendant was a convicted felon, (2) that the defendant was in knowing possession of a firearm, and (3) that the firearm was in or affecting interstate commerce." *United States v. Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000).

With regard to both the drug and gun charges, the jury was entitled to disbelieve Lee's testimony and his alternative explanations. *See United States v. Brown*, 53 F.3d at 314. In addition, the evidence as to each element of the offense was not "so tenuous that a conviction would be shocking." *Tapia*, 761 F.2d at 1491-92. Accordingly, Lee's convictions do not constitute a manifest injustice, and we hold that the evidence was sufficient to support Lee's convictions.

### *Right to a fair trial*

Lee argues that the government's questions about the details of his felony conviction for aggravated assault with a deadly weapon violated his due process right to a fair trial because the questions were overly prejudicial under Federal Rule of Evidence 403 and violated a stipulation agreement. The government concedes in its brief that the questions were improper, but argues that any impropriety was harmless.

4

"[W]here a prior conviction is part of an offense and the defendant offers to stipulate to the prior conviction," we review for an abuse of discretion a district court's decision "to allow the nature of the offense to be admitted." *United States v. O'Shea*, 724 F.2d 1514, 1516 (11th Cir. 1984).

We will not reverse a conviction due to prosecutorial misconduct unless a prosecutor's improper remarks prejudiced the defendant's substantial rights. *United States v. Wilson*, 149 F.3d 1298, 1301 (11th Cir. 1998). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would be different." *Id.* (quotation and alteration omitted). Prejudice is evaluated " in the context of the entire trial and in light of any curative instruction." *Id.* (internal quotations and citation omitted). "[E]rroneous admission of evidence does not warrant reversal if the error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *United States v. Harriston*, 329 F.3d 779, 789 (11th Cir. 2003) (quotation omitted).

The record shows that Lee objected to the government's questions, and the district court both sustained the objection and instructed the jury about the limited purposes for considering a prior felony conviction. Upon review of the record, we conclude that the district court did not abuse its discretion, and that, in the context

5

of the entire trial, the government's questions "had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." *Id.* Accordingly, the questions did not violate Lee's right to a fair trial.

### Ineffective assistance of counsel

Lee argues that he received ineffective assistance of counsel because trial counsel failed to (1) object to inadmissible hearsay that a confidential informant bought ecstasy during two controlled buys, (2) move for judgment of acquittal, and (3) move for a mistrial when the government improperly questioned Lee about a prior felony conviction.

The Supreme Court has held that appellate courts generally should not review ineffective-assistance-of-counsel claims on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504-505, 123 S.Ct. 1690, 1693-94, 155 L.Ed.2d 714 (2003). The Supreme Court reasoned that the record on direct appeal usually has not been sufficiently developed regarding counsel's performance and concluded that the proper arena for such claims is collateral review. *Id.* We have also held that we generally will not "consider claims of ineffective assistance of counsel on direct appeal where the district court did not entertain the claim nor develop a factual record." *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

We decline to consider Lee's claim of ineffective assistance of counsel

because the record is insufficiently developed.

### *Conclusion*

The evidence was sufficient to support Lee's convictions, and the government's questions regarding his prior conviction did not violate Lee's due process right to a fair trial. Accordingly, we affirm Lee's convictions. We decline to consider Lee's claim of ineffective assistance of counsel.

**AFFIRMED.**