[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13608

_____

D.C. Docket No. 5:11-cr-00207-VEH-PWG-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY DWAYNE LANG,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 3, 2013)

Before CARNES, Chief Judge, TJOFLAT, Circuit Judge, and MARRA,* District
Judge.

CARNES, Chief Judge:

_____

* Honorable Kenneth A. Marra, United States District Judge for the Southern District of
Florida, sitting by designation.

The lifeblood of many crimes is cash.  So that federal law enforcement can more readily trace the flow of large amounts of cash, the law requires a financial institution to file with the Department of the Treasury reports of cash transactions by any person on a single day that exceed $10,000.  If that were all, the reporting requirement could be evaded through the simple expedient of dividing large cash transactions into amounts small enough not to trigger it.  To prevent that and similar end runs, the law makes it a crime to structure cash transactions for the purpose of evading the reporting requirement.  See 31 U.S.C. § 5324(a)(3).

Jerry Lang was indicted on 85 counts of violating § 5324(a)(3).  See App. A to this opinion.  The jury acquitted him of 15 of those counts (1–12, 15, and 72–73) and convicted him of the other 70.  He raises several issues in this direct appeal, but we need not go beyond his challenge to the sufficiency of the indictment.

An indictment is sufficient if it: "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Dabbs, 134 F.3d 1071, 1079 (11th Cir. 1998).  Because Lang failed to challenge the indictment in the district court, however, we must find it sufficient "unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted."  United States v. Pena,

2

684 F.3d 1137, 1147 (11th Cir. 2012) (quoting United States v. Gray, 260 F.3d 1267, 1282 (11th Cir. 2001)).  If the indictment "provides facts and the specific statute under which the defendant is charged, the court will find the indictment sufficient."  Id. at 1148.  The indictment in this case does not provide the necessary factual allegations.  It fails under any reasonable construction to charge all of the elements of the offense.

Section 5324(a)(3) prohibits a person from "structur[ing] or assist[ing] in structuring, or attempt[ing] to structure or assist in structuring, any transaction with one or more domestic financial institutions" for the purpose of evading 31 U.S.C. § 5313(a)'s requirement that a financial institution report to the government cash transactions exceeding a particular amount.  31 U.S.C. §§ 5324(a)(3), 5313(a).  That amount is set by regulation at $10,000.00.  31 C.F.R. § 1010.311 (implementing § 5313(a) and setting the reporting threshold at "more than $10,000").  Section 5324 does not expressly define the term "structuring," but the Supreme Court has explained that the crime of structuring includes "break[ing] up a single transaction above the reporting threshold into two or more separate transactions . . . for the purpose of evading a financial institution's reporting requirement."  Ratzlaf v. United States, 510 U.S. 135, 136, 114 S.Ct. 655, 657 (1994).

3

Another regulation promulgated under § 5313(a), the statute requiring financial institutions to file currency transaction reports, provides that a person structures a transaction if he:

> conducts or attempts to conduct one or more transactions in currency, in any amount, at one or more financial institutions, on one or more days, in any manner, for the purpose of evading the reporting requirements under § 1010.311.

31 C.F.R. § 1010.100(xx). In order to be "for the purpose of evading" the reporting requirements, the structured transaction must involve an amount that is more than $10,000; otherwise, evasion would not be necessary or possible because there would be no reporting requirement anyway.

When the evasion takes the form of breaking down a single amount that exceeds $10,000 into cash transactions that do not, the question arises whether one or more than one structuring crime has been committed. Two other circuits have answered that question about the proper unit of prosecution for structuring. In United States v. Davenport, 929 F.2d 1169, 1171–72 (7th Cir. 1991), the defendant was convicted of twelve counts. The first charged a conspiracy to structure; the second charged the structuring of $81,500 in proceeds from a transaction by breaking that amount into ten deposits of cash, each under $10,000; and the last ten counts individually charged that each one of those ten deposits of cash was a separate structuring crime. The Seventh Circuit held that those last ten counts

4

"should have been thrown out" because "[t]he statute does not forbid the making of deposits. It forbids the structuring of a transaction." Id. at 1171. The court explained that the one substantive structuring crime was breaking up the larger amount of cash, the deposit of which would have exceeded the reporting threshold had it not been divided into smaller amounts. Id. The conclusion: "[T]he structuring itself, and not the individual deposit, is the unit of crime." Id. at 1172.

The Tenth Circuit reached the same conclusion in United States v. Nall, 949 F.2d 301 (10th Cir. 1991). There a third party paid the defendant $26,000, from which the defendant paid $24,000 to a bank as mortgagor; he did so with cash payments of $9,000, $9,000, and $6,000 on three separate days. Id. at 307–08. The indictment charged each of those three cash payments as a separate structuring crime, but the Tenth Circuit held that there was only one structuring crime, which was comprised of the three cash payments. Id. We agree with the Seventh and Tenth Circuits and hold that the proper unit of prosecution in structuring is the amount exceeding the reporting threshold that is structured into smaller amounts below that threshold, not each of the resulting sub-threshold transactions.

In this case, each count of the indictment charges as a separate structuring crime a currency transaction involving a single check. Each check alleged is for an amount less than $10,000, and no combination of two or more checks is alleged in any count. See App. A. A cash transaction involving a single check in an amount

5

below the reporting threshold cannot in itself amount to structuring because the crime requires a purpose to evade the reporting requirement, and that requirement does not apply to a single cash transaction below the threshold. The government's theory (at least its current theory) is that Lang received from one source 21 payments exceeding $10,000 over a period of eight months, he had those larger payments broken into multiple checks each of which was less than $10,000, and he then cashed those checks separately in a way that evaded the reporting requirements. That is all well and good, but it is not what is alleged in the indictment. Instead of a series of counts each alleging a payment or payments totaling more than $10,000 that were structured into checks of smaller amounts, which were then cashed, the indictment consists of 85 counts each of which separately alleges that a single check in an amount less than $10,000 was structured. That is not possible. When cashed checks come to the structuring dance, it takes at least two to tango.

Paragraph 1, which is realleged by reference into each count, does state that Lang's alleged structuring was "part of a pattern of illegal activity involving more than $100,000 in a 12-month period." That is not, however, a sufficient allegation of the government's belated grouping theory. The government does not contend that Lang structured a single payment exceeding $100,000 by breaking it down into amounts of $10,000 or less. Instead, the quoted language is an attempt to

6

plead the factual predicate for the enhanced penalties provided by 31 U.S.C. § 5324(d)(2) ("Whoever violates this section while violating another law of the United States or as part of a pattern of any illegal activity involving more than $100,000 in a 12-month period shall be" subject to a higher fine and sentence of imprisonment.).

We cannot combine the allegations from separate counts to allege what the indictment itself does not.  Instead, "each count of an indictment must be regarded as if it were a separate indictment and must stand on its own content without dependence for its validity on the allegations of any other count not expressly incorporated."  United States v. Huff, 512 F.2d 66, 69 (5th Cir. 1975).[1] Allegations in one count of an indictment are not automatically incorporated into another; express incorporation is required.  United States v. Schmitz, 634 F.3d 1247, 1262 (11th Cir. 2011).  We have said that where a challenge to the sufficiency of an indictment is raised for the first time on appeal, "the court can consider the content of other counts of the indictment in order to give context to the challenged count so long as the defendant fails to show actual prejudice." Pena, 684 F.3d at 1148 n.8.  The problem here, however, is not lack of context but the failure to plead a crime in any of the counts.  When every count suffers from

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

the same insufficiency, nothing pleaded in one insufficient count can cure the insufficiency in another.  Because all of the parts suffer from the same problem, the whole cannot solve it.  The only way to remedy the defects in the indictment would be to rewrite it, and that we may not do.  See Huff, 512 F.2d at 69 ("A grand jury indictment may be amended only by resubmission to a grand jury 'unless the change is merely a matter of form.'") (quoting Russell v. United States, 369 U.S. 749, 770–71, 82 S.Ct. 1038, 1050 (1962)).

For these reasons, we conclude that the indictment is "so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted."  Pena, 684 F.3d at 1147 (quotation marks omitted).  This is not a mere multiplicity situation where some counts may be upheld if others are vacated.  See United States v. Bonavia, 927 F.2d 565, 571 (11th Cir. 1991); United States v. Mastrangelo, 733 F.2d 793, 802 (11th Cir. 1984).  Where no count in the indictment charges a crime, the defendant is entitled to have the judgment vacated and the case remanded with instructions that the indictment be dismissed.

Accordingly, the judgment is VACATED and the case is REMANDED with directions that the indictment is to be dismissed.

8

# APPENDIX A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) |
| JERRY DWAYNE LANG | ) |

## INDICTMENT

## COUNTS ONE through EIGHTY-FIVE: [31 U.S.C. §5324(a)(3) and (d)(2)]

The Grand Jury charges that:

1.    From on or about February 2008, and continuing until on or about October 2008, in Morgan County and elsewhere, within the Northern District of Alabama, the Defendant,

## JERRY DWAYNE LANG,

did knowingly and for the purpose of evading the reporting requirements of Title 31, United States Code, Section 5313(a) and the regulations promulgated thereunder, structure, assist in structuring and attempt to structure the following currency transactions with Peoples Bank of Alabama (hereinafter "Peoples") and Bank Independent (hereinafter "BI"), both domestic financial institutions, and did so as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

2.     The allegations of paragraph 1 above are hereby realleged for each of Counts One through Eighty-Five below as though fully set forth therein.

| Count | Check # | Date Negotiated | Cash Received | Bank |
|-------|---------|-----------------|---------------|------|
| 1 | 12225 | 2/12/2008 | $5,000.00 | Peoples |
| 2 | 12224 | 2/15/2008 | $5,000.00 | Peoples |
| 3 | 12267 | 2/21/2008 | $8,340.67 | BI |
| 4 | 12262 | 2/22/2008 | $8,340.67 | Peoples |
| 5 | 12263 | 2/25/2008 | $8,340.67 | Peoples |
| 6 | 12447 | 3/21/2008 | $7,500.00 | Peoples |
| 7 | 12446 | 3/24/2008 | $7,500.00 | Peoples |
| 8 | 12499 | 4/1/2008 | $7,500.00 | Peoples |
| 9 | 12547 | 4/4/2008 | $7,500.00 | Peoples |
| 10 | 12548 | 4/7/2008 | $7,500.00 | Peoples |
| 11 | 12573 | 4/9/2008 | $9,500.00 | BI |
| 12 | 12581 | 4/10/2008 | $9,600.00 | Peoples |
| 13 | 12577 | 4/11/2008 | $9,600.00 | Peoples |
| 14 | 12590 | 4/11/2008 | $4,000.00 | BI |
| 15 | 12572 | 4/15/2008 | $5,500.00 | Peoples |
| 16 | 12580 | 4/16/2008 | $9,600.00 | Peoples |
| 17 | 12582 | 4/18/2008 | $9,600.00 | Peoples |
| 18 | 12583 | 4/21/2008 | $9,600.00 | Peoples |
| 19 | 12576 | 4/23/2008 | $5,562.00 | Peoples |
| 20 | 12686 | 4/28/2008 | $7,500.00 | BI |

2

| 21 | 12685 | 4/29/2008 | $7,500.00 | Peoples |
| 22 | 12734 | 5/2/2008 | $7,500.00 | Peoples |
| 23 | 12733 | 5/5/2008 | $7,500.00 | BI |
| 24 | 12845 | 5/16/2008 | $7,500.00 | Peoples |
| 25 | 12846 | 5/19/2008 | $7,500.00 | Peoples |
| 26 | 12878 | 5/22/2008 | $7,500.00 | Peoples |
| 27 | 12879 | 5/23/2008 | $7,500.00 | Peoples |
| 28 | 12903 | 5/28/2008 | $7,500.00 | BI |
| 29 | 12904 | 5/28/2008 | $7,500.00 | Peoples |
| 30 | 12910 | 5/30/2008 | $8,137.80 | BI |
| 31 | 12923 | 6/2/2008 | $6,255.60 | Peoples |
| 32 | 12925 | 6/2/2008 | $6,149.00 | BI |
| 33 | 12918 | 6/5/2008 | $5,920.20 | Peoples |
| 34 | 12920 | 6/6/2008 | $6,058.00 | Peoples |
| 35 | 12921 | 6/9/2008 | $5,811.00 | Peoples |
| 36 | 12924 | 6/9/2008 | $6,146.40 | BI |
| 37 | 13001 | 6/16/2008 | $6,185.40 | BI |
| 38 | 13003 | 6/16/2008 | $5,603.00 | Peoples |
| 39 | 13004 | 6/17/2008 | $5,701.80 | Peoples |
| 40 | 13005 | 6/18/2008 | $6,749.60 | Peoples |
| 41 | 12993 | 6/23/2008 | $5,896.80 | Peoples |
| 42 | 13000 | 6/23/2008 | $6,169.80 | BI |
| 43 | 12996 | 6/24/2008 | $6,052.80 | Peoples |
| 44 | 12994 | 6/26/2008 | $5,938.40 | Peoples |

3

| 45 | 13119 | 7/8/2008 | $5,000.00 | Peoples |
|----|-------|----------|-----------|---------|
| 46 | 13120 | 7/9/2008 | $5,000.00 | Peoples |
| 47 | 13143 | 7/10/2008 | $7,500.00 | BI |
| 48 | 13142 | 7/11/2008 | $7,500.00 | Peoples |
| 49 | 13141 | 7/14/2008 | $7,500.00 | BI |
| 50 | 13189 | 7/18/2008 | $7,500.00 | Peoples |
| 51 | 13187 | 7/22/2008 | $7,500.00 | Peoples |
| 52 | 13217 | 7/24/2008 | $7,500.00 | Peoples |
| 53 | 13216 | 7/25/2008 | $7,500.00 | Peoples |
| 54 | 13215 | 7/28/2008 | $7,500.00 | BI |
| 55 | 13260 | 7/29/2008 | $7,500.00 | Peoples |
| 56 | 13261 | 7/30/2008 | $7,500.00 | Peoples |
| 57 | 13259 | 7/31/2008 | $7,500.00 | Peoples |
| 58 | 13262 | 8/1/2008 | $7,500.00 | Peoples |
| 59 | 13316 | 8/5/2008 | $7,500.00 | Peoples |
| 60 | 13313 | 8/6/2008 | $7,500.00 | Peoples |
| 61 | 13315 | 8/7/2008 | $7,500.00 | Peoples |
| 62 | 13314 | 8/8/2008 | $7,500.00 | Peoples |
| 63 | 13344 | 8/8/2008 | $7,500.00 | BI |
| 64 | 13345 | 8/11/2008 | $7,500.00 | BI |
| 65 | 13364 | 8/13/2008 | $7,719.00 | Peoples |
| 66 | 13366 | 8/14/2008 | $7,719.00 | Peoples |
| 67 | 13383 | 8/15/2008 | $9,479.86 | Peoples |
| 68 | 13391 | 8/18/2008 | $9,479.86 | Peoples |

4

| 69 | 13392 | 8/18/2008 | $9,479.86 | BI |
| 70 | 13390 | 8/19/2008 | $9,479.86 | Peoples |
| 71 | 13386 | 8/22/2008 | $9,479.86 | BI |
| 72 | 13385 | 8/25/2008 | $9,479.86 | Peoples |
| 73 | 13388 | 8/25/2008 | $9,479.86 | Peoples |
| 74 | 13384 | 8/27/2008 | $9,479.86 | BI |
| 75 | 13502 | 9/3/2008 | $7,500.00 | Peoples |
| 76 | 13501 | 9/4/2008 | $7,500.00 | Peoples |
| 77 | 13499 | 9/5/2008 | $7,500.00 | BI |
| 78 | 13500 | 9/8/2008 | $7,500.00 | Peoples |
| 79 | 13588 | 9/19/2008 | $7,500.00 | Peoples |
| 80 | 13591 | 9/24/2008 | $7,500.00 | Peoples |
| 81 | 13632 | 9/26/2008 | $7,500.00 | Peoples |
| 82 | 13630 | 10/2/2008 | $7,500.00 | Peoples |
| 83 | 13655 | 10/6/2008 | $9,131.04 | BI |
| 84 | 13654 | 10/7/2008 | $9,131.04 | Peoples |
| 85 | 13652 | 10/17/2008 | $9,131.04 | Peoples |
| | | **Total** | **$636,529.61** | |

All in violation of Title 31, United States Code, Sections 5324(a)(3) and (d)(2).

## NOTICE OF FORFEITURE: [31 U.S.C. § 5317(c)(1)(A)]

The Grand Jury charges that:

5

That Counts One through Eighty-Five of this Indictment are incorporated by reference herein for the purpose of alleging criminal forfeiture pursuant to Title 31, United States Code, Section 5317(c)(1)(A).

## FORFEITURE

As a result of the foregoing offenses alleged in Counts One through Eighty-Five of this Indictment, the Defendant, JERRY DWAYNE LANG, shall forfeit to the United States all property, real or personal, involved in the offenses committed by the Defendant, JERRY DWAYNE LANG, and any property traceable thereto. Such forfeitable interests include, but are not limited to the aggregate sum of $636,529.61.

If any of the property described above as being subject to forfeiture pursuant to Title 31, United States Code, Section 5317(c)(1)(A), as result of any act or omission of the Defendant, JERRY DWAYNE LANG,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred to, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property that cannot be subdivided without difficulty;

6

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said Defendant, JERRY DWAYNE LANG, up to the value of the above forfeitable property.

All pursuant to Title 31, United States Code, Section 5317(c)(1)(A).

A TRUE BILL
*/s/ Electronic Signature*

FOREMAN OF THE GRAND JURY

JOYCE WHITE VANCE
United States Attorney

*/s/ Electronic Signature*

_____
DAVIS BARLOW
Assistant United States Attorney

7