[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13389
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20866-RSR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS LUNA RAMIREZ,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 15, 2015)


Before JORDAN, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Carlos Luna Ramirez appeals his conviction for possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). On appeal, Ramirez argues that the indictment was defective as a matter of law because -- he says -- the crime charged was the knowing possession of the computer, rather than the knowing possession of the pornographic material. He contends that the indictment allowed him to be convicted without a finding that he knew his computer contained prohibited material because the indictment failed to track the statutory language or allege the crime with enough precision to give him notice of the charge he must defend against.

We review *de novo* whether an indictment sufficiently alleges a statutorily proscribed offense. *United States v. Seher*, 562 F.3d 1344, 1356 (11th Cir. 2009). An indictment's failure to charge a crime in violation of United States law constitutes a jurisdictional defect; and, therefore, may be raised at any time. *See United States v. Izurieta*, 710 F.3d 1176, 1179 (11th Cir. 2013).  But not all defects in the indictment deprive a district court of jurisdiction. *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002).

Where a defendant fails to challenge the sufficiency of the indictment in the district court, we will determine the indictment sufficient "unless it is so defective

that it does not, by any reasonable construction, charge an offense for which the defendant is convicted." *United States v. Lang*, 732 F.3d 1246, 1247 (11th Cir. 2013). An indictment is jurisdictionally sufficient if it "(1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *Id.* We have said that an indictment's failure to allege a necessary element of *mens rea* is a non-jurisdictional defect that can be waived. *United States v. Brown*, 752 F.3d 1344, 1351 (11th Cir. 2014). An indictment need not track the statutory language: specific reference to the statute on which the charge was based adequately informs the defendant of the charge against him. *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998). The appropriate test is not whether the indictment could be more clear, but whether it conforms to minimal constitutional standards. *United States v. McGarity*, 669 F.3d 1218, 1235-36 (11th Cir. 2012).

> Section 2252(a)(4)(B) of Title 18 of the United States Code punishes
>
> any person who . . . knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction . . . if . . . the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct . . . and . . . such visual depiction is of such conduct.

18 U.S.C. § 2252(a)(4)(B).

Upon review of the record and consideration of the parties' briefs, we see no jurisdictional defect in the indictment.

Ramirez did not challenge the indictment in the district court; so, we may only review the indictment for its jurisdictional sufficiency. Ramirez's indictment was jurisdictionally sufficient because it presented the essential elements of possession of child pornography, it notified Ramirez that he was charged with possession of child pornography, and it enabled Ramirez to rely on the indictment as a bar to double jeopardy.  In addition, the indictment referenced the statute under which he was charged, 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Thus, we conclude no jurisdictional defect is present in the indictment.

Ramirez next argues that the district court committed error by admitting expert testimony on the ages of the children in the pornographic videos where the ages of the children had been stipulated, by allowing the government to ask prejudicial questions of a witness (touching on whether defendant's family had attempted to influence witness testimony) with no good faith basis, and failing to clarify in its jury instructions or in the government's closing argument that Ramirez could only be convicted upon a finding that he knowingly possessed child pornography on his computer. He contends that these errors collectively deprived him of a fair trial.

4

We review the evidentiary rulings of the district court for clear abuse of discretion. *United States v. Dodds,* 347 F.3d 893, 897 (11th Cir. 2003). The cumulative error doctrine provides for a reversal where an aggregation of non-reversible errors yields a denial of the constitutional right to a fair trial. *United States v. Capers*, 708 F.3d 1286, 1299 (11th Cir. 2013). "The harmlessness of cumulative error is determined by conducting the same inquiry as for individual error—courts look to see whether the defendant's substantial rights were affected." *Id.* The effect of the errors will depend on several things, including the nature and number of the errors committed, their interrelationship and combined effect, how the district court dealt with the errors as they arose, and the length of the trial. *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005). Where no error exists in the district court's rulings, reversal under the cumulative error doctrine is inappropriate.  *See Capers*, 708 F.3d at 1299.

While a party may generally not preclude his adversary's offer of proof by stipulation, this proposition is qualified by Rule 403 of the Federal Rules of Evidence. *United States v. O'Shea*, 724 F.2d 1514, 1516 (11th Cir. 1984). Rule 403 provides that a district court may exclude relevant evidence when its probative value is substantially outweighed by a danger of unfair prejudice or needlessly presenting cumulative evidence. Fed. R. Evid. 403.  But exclusion of evidence under Rule 403 is an extraordinary remedy which should be invoked sparingly, and

the balance should be struck in favor of admissibility. *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010).

Lawyers may ask questions of a witness as long as there is a good-faith factual basis. *See United States v. Foley*, 508 F.3d 627, 637 (11th Cir. 2007).

The doctrine of invited error applies where a defendant agrees to the court's proposed jury instructions, and review of the issue is waived even if plain error would result. *United States v. Carter*, 776 F.3d 1309, 1323 (11th Cir. 2015).

Upon review of the record and consideration of the parties' briefs, we see no reversible error.

Ramirez has not established that the district court committed cumulative error because each of the alleged errors was an appropriate ruling. The district court did not abuse its discretion in admitting the expert testimony on the ages of the children in the videos. Despite that the evidence may have been cumulative, the district court was within its discretion to determine that the government was entitled to present the testimony. The district court also did not abuse its discretion in allowing the government to question the pertinent witness (J.J.) because the government had a good faith basis for doing so. Finally, Ramirez has waived his ability to have his jury instruction argument heard on appeal because he agreed to the district court's proposed jury instructions.

We conclude that the indictment was jurisdictionally sufficient, and no error deprived Ramirez of fair trial. Thus, we affirm Ramirez's conviction and sentence.

**AFFIRMED.**