[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13435
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00077-SDM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMAAR DANGLO HAYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 12, 2019)

Before WILLIAM PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Jamaar Hayes appeals his conviction and sentence for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e).  On appeal, Hayes challenges: (1) the district court's determination that the government did not have to prove Hayes knew he was a convicted felon under § 924(e); (2) the district court's reliance on its own findings that Hayes's three predicate Armed Career Criminals Act ("ACCA") offenses occurred on different occasions; (3) the Fifth and Sixth Amendment violations resulting from the district court's determination that Hayes's three predicate ACCA offenses occurred on different occasions; and (4) the district court's determination that his prior convictions under Fla. Stat. §893.13 were serious drug offenses under § 924(e).  We will consider each challenge in turn.

I.

When a defendant fails to object to a Rule 11 violation occurring during his plea colloquy in the district court, we will review only for plain error.  *United States v. Presendieu*, 880 F.3d 1228, 1237 (11th Cir. 2018).  Where a defendant raises a challenge to the sufficiency of the indictment for the first time on appeal, we will conclude that the indictment was sufficient "unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted."  *United States v. Lang*, 732 F.3d 1246, 1247 (11th Cir. 2013) (quotations omitted).

2

Section 924(a)(2) of Title 18 of the United States Code provides that a person who "knowingly violates" § 922(g) shall be imprisoned for a maximum of ten years. 18 U.S.C. § 924(a)(2). Section 922(g)(1) of Title 18 of the United States Code criminalizes the possession of a firearm or ammunition in or affecting interstate commerce by a convicted felon. 18 U.S.C. § 922(g)(1). The offense includes three distinct elements: (1) possession of a firearm ("possession element"); (2) by a convicted felon ("status element"); and (3) the possession was in or affecting interstate or foreign commerce ("commerce element"). *United States v. Rehaif*, 888 F.3d 1138, 1143 (11th Cir. 2018), *cert. granted*, 139 S.Ct. 914 (Jan. 11, 2019) (No. 17-9560).

In *Rehaif*, we analyzed § 924(a)(2) and held that "knowingly" does not apply to the status element of § 922(g), which in *Rehaif* was the defendant's status as an unlawful alien. *Id.* at 1144-45. Prior to *Rehaif*, we specifically analyzed § 922(g)(1) and held that the government was not required to prove that the defendant knew he was a convicted felon when he unlawfully possessed the firearm at issue. *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997).

Under the prior panel precedent rule, a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by us sitting en banc. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). There is no exception to the prior panel

3

precedent rule for overlooked or misinterpreted precedent. *United States v. Fritts*, 841 F.3d 937, 942 (11th Cir. 2016). Likewise, a grant of *certiorari* does not change the law and is not a basis for relief, because we are required to apply our binding precedent until the Supreme Court issues a decision that changes the law. *Gissendaner v. Comm'r, Ga. Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015).

A review of our precedent reveals that Hayes's challenge is foreclosed by our decisions in *Rehaif* and *Jackson*. *See Rehaif*, 888 F.3d at 1144-45; *Jackson*, 120 F.3d at 1229. As we are bound by our precedent, we affirm.

## II.

Generally, we review *de novo* whether predicate offenses meet the different occasions requirement of the ACCA. *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017). However, we review claims raised for the first time on appeal for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). To satisfy the plain error standard, an appellant must show: (1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings. *Id.* "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009) (*per curiam*).

4

If a defendant violates § 922(g) and has three previous felony convictions that are violent felonies or serious drug offenses that were "committed on occasions different from one another," that defendant is an armed career criminal under the ACCA.  18 U.S.C. § 924(e)(1).  We have previously held that a district court may determine for itself whether prior convictions exist and whether they were committed on different occasions, so long as it limits its inquiry to the statutory definition of the prior offense, the indictment, the plea agreement, the plea colloquy, and "any explicit factual finding by the trial judge to which the defendant assented."  *Longoria*, 874 F.3d at 1281.  Similarly, we have held that a district court may consider *Shepard*[1] documents in determining whether a defendant committed ACCA predicate offenses on different occasions without proof beyond a reasonable doubt.  *United States v. Overstreet*, 713 F.3d 627, 635 (11th Cir. 2013).

In *Descamps*, the Supreme Court held that a sentencing court may look only to the statutory definitions of the elements of a defendant's prior offenses of conviction, and not to the particular facts underlying those convictions, in determining whether a prior offense is a violent felony under § 924(e).  *Descamps v. United States*, 570 U.S. 254, 262-64 (2013).

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

In *Sneed*, we held that sentencing courts are limited to the examination of *Shepard* documents in determining whether prior offenses of conviction were committed on different occasions under § 924(e)(1). *United States v. Sneed*, 600 F.3d 1326, 1332 (11th Cir. 2010). Thereafter, we held that a district court may determine whether a defendant's prior convictions were committed on separate occasions under the ACCA based on undisputed statements in the PSI. *United States v. McCloud*, 818 F.3d 591, 595-96 (11th Cir. 2016). However, any portions to which the defendant specifically objected must be proven by the government by a preponderance of the evidence. *Id.*

Here, the district court did not plainly err by determining for itself whether Hayes's three predicate offenses occurred on different occasions, because the court was permitted to make this finding using *Shepard* documents. *See Longoria*, 874 F.3d at 1281. Moreover, the *Shepard* documents in the record, including the judgments of Hayes's prior convictions, support the district court's conclusion that the predicate offenses were committed on different occasions. Accordingly, we affirm.

III.

Ordinarily, we review constitutional challenges to a sentence *de novo*. *United States v. Deshazior*, 882 F.3d 1352, 1354-55 (11th Cir. 2018), *cert. denied*,

6

(Feb. 25, 2019) (No. 17-8766).  However, as previously stated, we review claims raised for the first time on appeal for plain error.  *Rodriguez*, 398 F.3d at 1298.

Generally, the Fifth Amendment protects the right to be indicted by a grand jury, and the Sixth Amendment protects the right to trial by jury.  U.S. Const. Amend. V; U.S. Const. Amend. VI.  Accordingly, in *Alleyne v. United States*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt.  *Alleyne v. United States*, 570 U.S. 99, 103 (2013).  Notably, the Supreme Court reserved from this rule the fact of a prior conviction.  *Id.* at 111 n.8; *see also Almendarez-Torres v. United States*, 523 U.S. 224, 243-247 (1998).  Additionally, in *Sneed*, we recognized the Sixth Amendment concerns of *Shepard*.  *Sneed*, 600 F.3d at 1331-32.

In *Overstreet*, we also held that the government is not required to prove the existence of the defendant's prior convictions beyond a reasonable doubt in order to sentence him under the ACCA, regardless of whether the defendant admits to the convictions during his plea colloquy.  *Overstreet*, 713 F.3d at 635.  Further, in *Longoria*, we rejected the defendant's contention that his ACCA sentence violated his Fifth and Sixth Amendment rights because the district court determined that his convictions occurred on different occasions, based on our prior precedent allowing this practice and acknowledging that the Supreme Court has held that a penalty

provision authorizing a court to increase a sentence based on prior convictions need not be alleged in the indictment. *Longoria*, 874 F.3d at 1283.

A review of our precedent indicates that Hayes's challenge is foreclosed by our precedents in *Longoria* and *Overstreet*. *Longoria*, 874 F.3d at 1283; *Overstreet*, 713 F.3d at 635. The district court was permitted to determine for itself whether Hayes's convictions were committed on different occasions using Shepard documents, and doing so did not violate Hayes's Fifth or Sixth Amendment rights. *Longoria*, 874 F.3d at 1281, 1283. Accordingly, the district court did not plainly err and we affirm.

## IV.

We review *de novo* whether a defendant's prior convictions qualify as serious drug offenses under the ACCA. *Longoria*, 874 F.3d at 1281. In *Smith*, we reviewed the defendants' convictions under Fla. Stat. § 893.13 and determined that the convictions qualified as serious drug offenses because they met the statutory requirements of § 924(e)(2)(A)(ii), which requires: (1) the conviction be for a state law offense; (2) punishable by at least ten years' imprisonment; and (3) involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance. *United States v. Smith*, 775 F.3d 1262, 1267 (11th Cir. 2014) (citing 18 U.S.C. § 924(e)(2)(A)(ii)). This Court explained that no element of *mens rea* with regard to the illicit nature of the controlled substance was

8

contemplated by the definition, and that we look to the plain language of the definitions to determine their elements when the language is, as in § 924(e)(2)(A)(ii), unambiguous.  *Smith*, 775 F.3d at 1267-68.

Again, a review of our precedent reveals that Hayes's challenge his foreclosed by our decision in *Smith*, in which we analyzed the same Florida statute that Hayes was convicted under.  *Smith*, 775 F.3d at 1267.  Because we are bound by our precedent, we affirm.

**AFFIRMED.**