[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12208
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20008-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR MANUEL ABREU,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 30, 2020)

Before NEWSOM, GRANT and MARCUS, Circuit Judges.

PER CURIAM:

Victor Manuel Abreu, a federal prisoner proceeding pro se, appeals following

the district court's denial of his motions for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018, Pub.

L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), and reconsideration of that denial. On appeal, Abreu: (1) argues that his indictment was unjust and deficient; and (2) argues, for the first time, that his counsel was ineffective and failed to adequately represent him. In response, the government argues that Abreu abandoned any challenge to the district court's denial of his motions for compassionate release and reconsideration by not addressing it in his appellate brief and, even if he preserved those challenges, he failed to exhaust his administrative remedies or show "extraordinary and compelling" reasons to grant him compassionate release. After thorough review, we affirm.

Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, pro se pleadings still must suggest some factual basis for a claim. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Further, the leniency afforded pro se litigants with liberal construction does not give the courts license to serve as de facto counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Issues not briefed on appeal by a pro se litigant are deemed abandoned. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008). A party seeking to raise a claim or issue on appeal must raise it "plainly and prominently" or otherwise the

2

issue is deemed abandoned.  United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003) (holding issue abandoned in counseled case where, although the defendant made passing references to issues in brief, he did not devote a discrete section of his brief to the argument and the references were undertaken as background to claims that he had expressly advanced); see also Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680-82 (11th Cir. 2014) (holding issue abandoned where references to it are no more than conclusory assertions or are "mere 'background' to the appellant's main arguments or when [it is] 'buried' within those arguments").  Further, issues not raised in a pro se party's initial brief are deemed waived.  Timson, 518 F.3d at 874.

Generally, we review a district court's denial of a sentence reduction under § 3582 for abuse of discretion.  United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009).[1]  We review de novo whether an indictment sufficiently alleges a statutorily proscribed offense.  United States v. Steele, 178 F.3d 1230, 1233 (11th Cir. 1999).  We also review de novo whether a criminal defendant's counsel was ineffective,

---

[1] We have not issued a published opinion addressing several key issues about the First Step Act's recent amendments to § 3582(c)(1)(A) -- like, for example, the standard of review, any procedural and jurisdictional requirements, or the definition of "extraordinary and compelling circumstances" -- although several cases have been classified for oral argument to resolve these questions.  See, e.g., United States v. McKreith, appeal no. 20-10450; United States v. Bryant, appeal no. 19-14267; United States v. Friedlander, appeal no. 19-13347.  We need not do so here, however, because, as we'll discuss, Abreu has abandoned on appeal any issues concerning the district court's denial of his motions for compassionate release and reconsideration.

which is a mixed question of law and fact. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002).

First, Abreu has abandoned any challenge to the district court's denial of his § 3582(c)(1)(A)(i) motion and his subsequent motion for reconsideration. Section 3582(c)(1)(A)(i) currently provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i). The court must also find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Id. § 3582(c)(1)(A).[2] Prior to the enactment of the First Step Act, the district court could grant this remedy only by motion of the Director of the Bureau of Prisons. See First Step Act § 603(b).

---

[2] The relevant policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13 and its commentary, and list a defendant's medical condition and age as possible "extraordinary and compelling reasons" warranting a sentence reduction. U.S.S.G. § 1B1.13, comment. (n.1). A defendant's medical condition may warrant a sentence reduction if he (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. Id., comment. (n.1(A)). A prisoner's age may be an extraordinary or compelling reason if the prisoner (1) is at least 65 years old, (2) is experiencing a serious deterioration in physical or mental health because of the aging process, and (3) has served at least 10 years or 75 percent of his term, whichever is less. Id., comment. (n.1(B)).

Here, Abreu has abandoned any issue relating to the district court's denial of his motions for compassionate release under § 3582(c)(1)(A)(i) and for reconsideration. He does not even challenge or reference the court's denial of those motions or the statutes relevant to those motions. Nor does he use the term "compassionate release" or allude to any claims that he is susceptible to the COVID-19 virus. Rather, he focuses exclusively on his conviction for Count 7, his acceptance of the plea agreement, and his counsel's alleged ineffectiveness. Thus, Abreu has failed to plainly and prominently raise any appeals of his motions for compassionate release and for consideration in his initial brief, and we decline to review them.[3]

Next, we reject Abreu's post-conviction challenges to the indictment. Where a defendant raises the sufficiency of the indictment for the first time on appeal, we will conclude that the indictment was sufficient "unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted." United States v. Lang, 732 F.3d 1246, 1247 (11th Cir. 2013) (quotations omitted). "Generally, [however,] a voluntary, unconditional guilty plea waives all

---

[3] For completeness's sake, however, we note that Abreu is not over 65 years old and did not claim that he was experiencing a serious deterioration in physical or mental health due to the aging process. U.S.S.G. § 1B1.13, comment. (n.1(B)). Likewise, Abreu did not claim that he was suffering from a terminal illness or any other condition that was substantially deteriorating his ability to administer self-care in a correctional environment. Id., comment. (n.1(A)). Although he claimed to suffer respiratory congestive problems, he provided no medical records in support, and the district court determined that the prison facility had adopted sufficient safeguards to protect its inmate population from COVID-19.

nonjurisdictional defects in the proceedings." United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003). A defendant can preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty by entering a "conditional plea" pursuant to Fed. R. Crim. P. 11(a)(2), "reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. P. 11(a)(2). In addition, § 3582(c) does not grant the district court jurisdiction to consider extraneous resentencing issues, which a claimant must instead present as a collateral attack on his sentence under 28 U.S.C. § 2255. See United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000); see also Dillon v. United States, 560 U.S. 817, 824-25, 831 (2010).

A notice of appeal "must: (A) specify the party or parties taking the appeal . . . ; (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1). "Ordinarily, failure to abide by this requirement will preclude the appellate court from reviewing any judgment or order not so specified." McDougald v. Jenson, 786 F.2d 1465, 1474 (11th Cir. 1986). An express designation of the order appealed from implies the lack of intent to appeal unmentioned orders. White v. State Farm Fire & Cas. Co., 664 F.3d 860, 863-64 (11th Cir. 2011); Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987) ("The general rule in this circuit is that an appellate

6

court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal.").

Nevertheless, an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal. McDougald, 786 F.2d at 1474. This has resulted in the liberal allowance of appeals from orders not expressly designated in the notice of appeal "when (1) unnoticed claims or issues are inextricably intertwined with noticed ones and (2) the adverse party is not prejudiced." Hill v. BellSouth Telecomm., Inc., 364 F.3d 1308, 1313 (11th Cir. 2004) (citation omitted); see also United States v. Grant, 256 F.3d 1146, 1151 (11th Cir. 2001) (holding that a notice of appeal indicated an intent to appeal an order in an unmentioned case because the notice designated the date and case number of the order).

An indictment is sufficient "if it: (1) presents the essential elements of the charged offense; (2) notifies the accused of the charges to be defended against; and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." United States v. Steele, 178 F.3d 1230, 1233-34 (11th Cir. 1999) (quotations omitted). The indictment need not track the statutory language. United States v. Fern, 155 F.3d 1318, 1325 (11th Cir. 1998). So long as an indictment charges a defendant with violating a valid federal statute, the omission of an essential element of the offense,

while rendering the indictment insufficient, does not implicate the district court's jurisdiction. United States v. Brown, 752 F.3d 1344, 1354 (11th Cir. 2014).

Here, we lack appellate jurisdiction to consider Abreu's direct challenges to his indictment because he did not designate his original criminal judgment from 2018 in his notice of appeal. See McDougald, 786 F.2d at 1474. Instead, he expressly designated that he was appealing the court's denial of his motion for reconsideration. See White, 664 F.3d at 863-64. It is also clear that he did not mistakenly fail to appeal on that ground because his notice of appeal specifically referenced and included the district court's order denying his motion for reconsideration. See McDougald, 786 F.2d at 1474.

However, as for the argument that Abreu made in the motion for reconsideration -- the motion listed in his notice of appeal -- that Count 7 of his indictment was "incoherent and incomprehensible," we have jurisdiction to consider that particular challenge to the indictment. See Hill, 364 F.3d at 1313. Regardless, Abreu waived any non-jurisdictional defects in his indictment by voluntarily and knowingly pleading guilty, and there is no written evidence that he entered into a conditional plea. See Patti, 373 F.3d at 1320; Fed. R. Crim. P. 11(a)(2). Moreover, and in any event, Abreu's challenges to the indictment fail on the merits because Count 7 charged him and his codefendant with violating 8 U.S.C. § 1324(a)(1)(A)(v)(I), provided specific facts to support the elements of that charge,

8

and sufficiently notified him to defend against that charge. See Steele, 178 F.3d at 1233-34. But even if the indictment was not sufficient, neither § 3582(c)(1)(A) nor the First Step Act authorized the district court to hear his challenge to his indictment. See Dillon, 560 U.S. at 824-25, 831; Bravo, 203 F.3d at 782.

Finally, we decline to consider Abreu's ineffective assistance of counsel claim. Normally, a district court will be guided by Strickland v. Washington, 466 U.S. 668 (1984), which requires an assessment of whether (1) counsel's performance was deficient, and (2) the deficient performance prejudiced a defendant's defense. Id. at 687. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. Id. at 687. Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. However, as the standard of review set forth above suggests, these determinations are dependent, in part, on factual components, and we are not authorized to make findings of fact in the first instance. See United States v. Padgett, 917 F.3d 1312, 1316-17 (11th Cir. 2019).

As a result, we generally will not consider claims of ineffective assistance of counsel raised on direct appeal, particularly "where the district court did not entertain the claim nor develop a factual record." Bender, 290 F.3d at 1284. "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies

9

in counsel's performance." United States v. Patterson, 595 F.3d 1324, 1328 (11th Cir. 2010) (quotations omitted); see Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that failure to raise an ineffective assistance of counsel claim on direct appeal does not bar a defendant from bringing the claim in a later, appropriate collateral proceeding). An exception to this exists only where "the record is sufficiently developed." Bender, 290 F.3d at 1284.

Here, it is inappropriate for us to consider Abreu's ineffective assistance of counsel claim, which he raises for the first time on appeal, because the record was not sufficiently developed below concerning this. Indeed, the district court never held an evidentiary hearing at which testimony relevant to Abreu's present ineffective assistance was provided. Further, Abreu never raised the ineffectiveness claims in the district court. Therefore, this claim would be best raised in a 28 U.S.C. § 2255 motion, where Abreu would have the opportunity for an evidentiary hearing. Accordingly, we affirm.

**AFFIRMED.**